UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN DOE,<br><br>PLAINTIFF<br><br>v.<br><br>PRAIRIE VIEW A&M UNIVERSITY, ALEXIS BOYD, LATOYA DOUGLAS, DANIEL HERNANDEZ, KEITH T. JEMISON, ANWAR PHILLIPS, and STEVEN RANSOM,<br><br>DEFENDANTS. | Civ. No. 22-cv-01019 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AS JOHN DOE**

Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion to Proceed Anonymously as John Doe. John Doe seeks leave to proceed in the above-captioned matter as a pseudonymous Plaintiff. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the claims, which involve his protected and confidential educational records as well as those of other students. In addition, Defendants' allegations against him involve sexual misconduct, which Plaintiff alleges are unfair and erroneous. Plaintiff is justifiably concerned about the possibility of reprisal and reputational harm that could further interfere with his career and other future endeavors and inflict additional harm.

### I.    STATEMENT OF FACTS

John Doe alleges that Prairie View A&M University's (PVAMU's) disciplinary process was infected with gender bias and riddled with errors in which PVAMU disregarded its own policies and procedures, lost or destroyed exculpatory evidence, violated Title IX of the

1

Education Amendments of 1972, 20 USC § 1681, et seq., and ran roughshod over his due process rights in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

As alleged in the Complaint, Plaintiff was wrongfully expelled from PVAMU when the university found him responsible for "sexual exploitation" after his roommate, identified in court papers as "RR," allegedly had nonconsensual sex with a female PVAMU student in Doe's bedroom. PVAMU alleged that by allowing his roommate to enter his bedroom, Doe somehow facilitated RR's rape of the female student.

While RR remains on campus, PVAMU expelled John Doe after a process in which Doe was denied access to critical evidence that university officials subsequently lost or destroyed; in which the university relied on the credibility testimony of a witness who could not tell John Doe apart from his roommate; in which the investigator was permitted to exercise undue influence over the hearing process; and in which multiple university policies and federal regulations were violated.

**II.     ARGUMENT**

**A.  Legal Standard**

Plaintiff acknowledges the strong public policy in favor of public access to judicial proceedings.  However, the courts permit parties to proceed under pseudonyms when circumstances justify an exception to this general policy.  This has become the norm in Title IX litigation for both accused students and accusing students.

Generally, to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000).

Factors to be considered in this balancing include:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*United States ex rel. Doe v. Boston Scientific Corp.*, 2009 U.S. Dist. LEXIS 59390, *10 (S.D. Tex. July 2, 2009).

The Court should permit Plaintiff to proceed anonymously after balancing the above-noted factors.

### B. The Litigation Involves Highly Sensitive Matters of a Personal Nature

Numerous courts, including those of the Southern District of Texas, routinely allow plaintiffs alleging Title IX claims against colleges and universities to proceed anonymously. *See, e.g.*, *Doe v. Texas A&M Univ. – Kingsville*, No. 2:21-cv-00257 (S.D. Tex. Nov. 4, 2021) (granting accused student's motion to proceed under pseudonym because "the identities of the parties to the sexual misconduct accusations is not of legitimate interest to the public and would be highly embarrassing and damaging to the parties and witnesses"); *Doe v. Texas A&M Univ.*, No. 4:20-cv-04332 (S.D. Tex. Dec. 30, 2020) ("The court finds that public revelation of the plaintiff's identity to the sexual misconduct accusations would be highly embarrassing and damaging to the plaintiff. This is a substantial and serious privacy interest that outweighs the presumption of openness in judicial proceedings under Rule 10(a), and no less restrictive means exists to protect the plaintiff's privacy interest.")

Plaintiff's identity has thus far been kept confidential, and the Court should permit Plaintiff to continue to do so. This is appropriate given the highly sensitive and personal nature of allegations of sexual misconduct. Plaintiff does not contend that the revelation of his name will merely embarrass him or subject him to public humiliation. Public revelation of highly sensitive sexual acts and the privacy interests implicated by false allegations of sexual misconduct can permanently bar his path forward as an educated professional. Plaintiff will be significantly hindered in his ability to pursue future career and educational endeavors, including graduate studies.

As a young adult at the beginning of his career, John Doe is particularly vulnerable to this reputational harm. Furthermore, revealing Plaintiff's identify would render any ultimate relief ordered by this Court moot. Forcing Plaintiff's identity into the open would forever associate his

4

name with alleged sex crimes—regardless of their merit.  This is, among other damages caused by Defendants, the exact reputational harm that John Doe seeks to remedy through this lawsuit.

As in the cases cited, the Court should permit Plaintiff to proceed anonymously.

### C.  Defendants Will Not Be Prejudiced

Defendants will not be prejudiced.  First, Defendants are obviously aware of Plaintiff's true identity.  *See, e.g.*, *Roe v. Patterson*, 2019 U.S. Dist. LEXIS 95314, *14 (E.D. Tex. June 3, 2019) ("Permitting Plaintiff to proceed under a pseudonym will not prejudice or pose a threat of fundamental unfairness to Defendants, as they are already aware of the identities of Roe, Doe, and the witnesses described in the Complaint.") Additionally, there can be no doubt that Defendants will have unobstructed opportunity to conduct discovery, present their defenses, and litigate this matter, whether or not Plaintiff proceeds anonymously.  Accordingly, no prejudice to Defendants stands in the way of permitting John Doe to proceed anonymously.

### D.  The Public Has a Weak Interest, if Any, in Plaintiff's Identity

Considering the legal nature of the claims presented (*i.e.*, Defendants violated Plaintiff's constitutional right to due process and violated Title IX), there is a weak public interest in learning Plaintiff's identity as an individual.

Maintaining Plaintiff's confidentiality is also consistent with federal policy as expressed by the Family Educational Rights and Privacy Act (FERPA).  John Doe's case primarily involves school disciplinary records, the protected confidentiality of which is well established. *See e.g.*, *United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Not only would disclosure contravene the policy embodied in FERPA, it would not advance any public interest in this matter.  PVAMU is a large institution of public

accommodation, whose actions affect the student population at PVAMU as a whole. The public interest overwhelmingly lies in the enforcement of existing laws against PVAMU, which Plaintiff's lawsuit advances by exposing bias, sex discrimination, constitutional violations, and unfair investigatory process.

In addition, the public's knowledge will be only minimally restricted. PVAMU's wrongful prosecution of sexual exploitation charges, as well as its violation of civil and constitutional rights, will still be exposed to public scrutiny if the Court allows John Doe to proceed anonymously.

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Anonymously as John Doe be granted.

Dated: March 29, 2022

Respectfully submitted,

/s/ Samantha K. Harris
Samantha K. Harris
ALLEN HARRIS PLLC
PO Box 673
Narberth, PA 19072
(860) 345-5310
sharris@allenharrislaw.com
PA Bar No. 90268
*Attorney in Charge*
*Pro hac vice admission pending*


/s/ Ramón A. Soto
Ramón A. Soto
HARRISON, HART & DAVIS LLC
925 Park Ave. SW, Suite E
Albuquerque, NM 87102
(505) 295-3261 ext. 104
ramon@harrisonhartlaw.com
S.D. Tex. Bar No. 24118927
Texas Bar. No. 24118927


ATTORNEYS FOR PLAINTIFF

7

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified in the caption of this document, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system and by email on the following parties:

Jacob A. Becker
Office of General Counsel
Moore / Connally Building, 6th Floor
301 Tarrow Street
College Station, Texas 77840-7896
(979) 458-6134
jbecker@tamus.edu


 /s/ Ramón A. Soto
Ramón A. Soto