IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-01019 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY et al., | § | JURY DEMAND |
|     *Defendants*. | § | |
| | § | |

**DEFENDANTS' CONCISE SUMMARY OF MOTION TO DISMISS ARGUMENTS**

Defendants seek dismissal of Plaintiff's procedural due process claim and Title IX claim because this Court lacks subject-matter jurisdiction over Plaintiff's procedural due process claim and Plaintiff has otherwise failed to state claims for which relief can be granted. Defendants provide this concise summary of legal arguments pursuant to Judge Hittner's procedures:

## I.    *Procedural Due Process Claim (Individual Defendants)*

**Eleventh Amendment Immunity**. Plaintiff's Section 1983 procedural due process claim against the Individual Defendants in their official capacities is barred by the Eleventh Amendment because he has not stated a claim that falls within the *Ex parte Young* doctrine. The limited *Ex Parte Young* exception to sovereign immunity is only available for claims seeking prospective declaratory relief for ongoing constitutional violations from officials with an enforcement connection. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013); *Verizon Md., Inc. v. Public Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002). Plaintiff does not satisfy any of these requirements. He seeks monetary relief and retrospective relief because each Individual Defendant "violated" his procedural due process rights. He does not allege that any Individual Defendant has authority over the notation on his student transcripts, and since his Title IX case is completed there is no

1

**EXHIBIT A**

ongoing constitutional violation. *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir.2001).

**Qualified Immunity.** Plaintiff's individual capacity claims against the Individual Defendants are barred by qualified immunity. He has not a pled facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011). Not only has he failed to state a due process claim for which relief can be granted, he has failed to allege how each Defendant conduct, standing alone, violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) He has also not sufficiently alleged that any Defendant violated his due process right that was so clearly established, in a particularized sense, that no reasonable officer could have believed that his or her actions were proper. *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010).

**Failure to State a Claim.** Plaintiff complains of minor procedural irregularities that fail to state a procedural due process claim because Plaintiff had notice of the allegations and evidence against him and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). He was provided all evidence used against him, and his only complaint is that PVAMU was unable to obtain witness statements taken by the police that may have served as impeachment evidence for witnesses that were present at the hearing and subject to cross-examination by Doe's advisor. PVAMU's Title IX office requested these statements but did not receive them.  Due process does not require perfection from universities; it merely guards against the risk of an unfair dismissal if that may be accomplished without prohibitive cost or educational interference. *See Nash v. Auburn University*, 812 F.2d 655, 661 (11th Cir. 1987) (citing *Goss v. Lopez*, 419 U.S. 565, 579–80 (1975)).

## II.   *Title IX Claim (PVAMU Only)*

**Failure to state an erroneous outcome claim**. Plaintiff has not plausibly alleged that his Title IX disciplinary proceeding resulted in an erroneous outcome

**EXHIBIT A**

*because of gender bias. Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). Doe does not plausibly allege that any procedural irregularity in PVAMU's Title IX investigation or hearing resulted in an erroneous outcome. Doe's speculation and conjecture regarding potential impeachment evidence—the police witness statements he has never seen—and his belated objection to the investigator participating and questioning the witnesses at the hearing on behalf of the University fail to cast articulable doubt on the accuracy of the disciplinary proceeding's outcome. *Yusuf*, 35 F.3d at 715 ("[A]llegations of a procedurally or otherwise flawed proceeding ... combined with a conclusory allegation of [sex] discrimination [are] not sufficient to survive a motion to dismiss."). Moreover, he completely fails to provide allegations supporting gender bias against him in his particular case motivated or caused the erroneous outcome. *Klocke v. University of Texas at Arlington*, 938 F.3d 204, 210 (2019), cert. denied, 140 S. Ct. 1268; 206 L. Ed. 2d 256 (2020). Plaintiff instead attempts to point on past lawsuits and press regarding PVAMU's handling of sexual assault cases. Such generalized pressures have been rejected as evidencing gender bias by numerous courts. *Doe v. Cummins,* 662 Fed.Appx. 437, 452-53 (6th Cir. 2016).

**Failure to state a selective enforcement claim.** Plaintiff fails to allege that the decision to initiate disciplinary proceedings or the severity of his punishment was affected by his gender. *Yusuf*, 35 F.3d at 715. The proceedings were prompted by a student complaint, and he has not sufficiently alleged that the severity of his sanction was because of his gender. Plaintiff does not identify a similarly situated female he believes received more favorable treatment than him. *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009); *Doe v. Univ. of Texas at Austin,* No. 1:19-CV-398-LY, 2019 WL 9076003, at *3 (W.D. Tex. Nov. 8, 2019).

**EXHIBIT A**