IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>PLAINTIFF<br><br>v.<br><br>PRAIRIE VIEW A&M UNIVERSITY,<br>et al.,<br><br>DEFENDANTS. | Civ. No. 4:22-cv-01019 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
<u>UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Restate each instruction in bold and furnish the requested information.

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.** The parties conferred via email between June 15, 2022 and June 19, 2022. Samantha K. Harris, Esq. and Ramon Soto, Esq. attended for the Plaintiff, and Benjamin Storey Lyles, Esq. attended for the Defendants.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.** There are no related cases pending.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

    **PLAINTIFF'S POSITION:**

    Plaintiff, John Doe, was expelled from Prairie View A&M University (PVAMU) after PVAMU held him responsible for an allegedly non-consensual

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

sexual encounter that Plaintiff's roommate, RR, had with another PVAMU student, Jane Roe. There is not, and never has been, any allegation that Plaintiff had non-consensual sex with Jane Roe or anyone else. Rather, PVAMU found that after Plaintiff and Jane Roe had consensual sex, Plaintiff told RR that Roe was "ready" for him, leading RR to engage in sexual intercourse with Roe that she claims was nonconsensual. Specifically, Roe maintains that she believed she was having sex with Plaintiff for a second time, and did not realize that the individual who entered Plaintiff's bedroom was actually RR. Plaintiff maintains that he never told RR that Roe was "ready" for him, and that RR is solely responsible for any non-consensual activity that occurred between RR and Jane Roe.

Plaintiff alleges that he was expelled following an irregular disciplinary process that violated his constitutional due process rights as well as his rights under Title IX of the Education Amendments of 1972. Specifically, he alleges that Defendants denied him access to exculpatory evidence which it subsequently lost or destroyed; relied on the testimony of a confused witness who repeatedly misidentified him; permitted the university's investigator to cross-examine the parties and witnesses in violation of PVAMU policy and federal regulations; sanctioned Doe with expulsion despite the fact that the university's sanctioning matrix recommended probation; and forced Doe to wait more than a month for an appeal decision despite university policy requiring that appeals be decided within ten days.

**DEFENDANTS' POSITION:**

PVAMU's Title IX investigation found then-student John Doe ("Doe") responsible for sexual exploitation and complicity in the sexual assault of Jane Roe by Doe's roommate, RR. Doe left Jane Roe in his bedroom immediately after having sexual intercourse with her, told her he would return to the bedroom, but instead told his roommate RR that he could go in the room and that Roe was "ready for him." This led to non-consensual sexual activity because Roe thought the individual who entered the darkened bedroom and began having sex with her was Doe. The decisionmaker ultimately credited the accounts given by *two roommates* about the conversation immediately preceding Roe's sexual assault over the *single word* of Doe as to what Doe said transpired before the sexual assault, which Doe alleges violated his due process rights and

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

his Title IX rights. Doe hypothesizes that witness statements he alleges were given to police may differ from the statements and eventual testimony of the same witnesses as part of PVAMU's Title IX process, and that the police department's failure to turn over these statements violated his rights.

But Doe's claims are barred by Eleventh Amendment immunity as well as qualified immunity. Even if not barred, Doe cannot sustain a due process claim on his mere conjecture that witness statements allegedly given outside of the Title IX investigation that were not available to Title IX were important impeachment evidence and crucial to his meaningful opportunity to be heard. Doe's remaining complaints of alleged deficiencies in following Title IX regulations and PVAMU's own policies are simply red herrings. A university failing to follow its own policies does not rise to the level of a due process violation as a matter of law, and none of the alleged shortcomings otherwise amounted to denying Doe notice and a meaningful opportunity to be heard.

The same is true for Doe's Title IX claim, because Doe entirely fails to plead facts raising the plausible inference that gender bias had anything to do with PVAMU's investigation, finding, and ultimate discipline of Doe. The few lawsuits name-dropped in the complaint to show "pressure" on PVAMU "to discipline male students" fails to state a claim that gender disparities or bias impacted the outcome in Doe's case specifically. In fact, Doe's Complaint contains no allegations of gender bias, erroneous outcome, or selective enforcement sufficient to support a Title IX claim.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   **PLAINTIFF'S POSITION:**

   Federal jurisdiction exists because this case was brought under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972.

   **DEFENDANTS' POSITION:**

   Eleventh Amendment immunity bars Doe's official capacity Due process claims against the University officials, depriving the Court of subject matter jurisdiction. The court does have subject matter jurisdiction over Doe's due

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

process claim against the University officials in their individual capacities and the Title IX claim against PVAMU.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.** There are no anticipated additional parties at this time. However, should Plaintiff learn in the course of discovery of other PVAMU administrators responsible for the actions that Plaintiff alleges violated his due process rights, Plaintiff will add those parties by **November 22, 2022**.

6. **List any anticipated interventions. Briefly explain why.** There are no anticipated interventions.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.** There are no anticipated class-action or collective-action issues.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.** The parties have not yet completed their Rule 26(a) initial disclosures. Defendants' submit that initial disclosures should not be completed until after a determination on their pending Motion to Dismiss, which asserts both Eleventh Amendment and qualified immunity. Alternatively, each party should complete its initial disclosures by **July 22, 2022**, 14 days after the completion of briefing on Defendants' Motion to Dismiss.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.** There has been no discovery served or accomplished to date.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    **DEFENDANTS' POSITION**, as argued in its pending Motion to Dismiss, is that Eleventh Amendment Immunity and Qualified Immunity bar all of Plaintiff's claims. Pursuant to binding Fifth Circuit case law, the Court should stay all discovery directed at Defendants pending its resolution of those threshold issues of immunity as raised in Defendants' Motion to Dismiss, and

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

that discovery deadlines should be set after the Court issues its decision. Defendants are happy to file a motion to stay discovery if the Court prefers. In the case that the Court denies those immunity arguments, Defendants envisage discovery proceeding as follows.

a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery**. The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: The parties will strive to exchange documents and information in electronic form as much as possible. The parties will strive to produce documents in a usable, searchable, native format whenever possible. Given the nature of the case, the parties do not anticipate needing to produce metadata. The parties will strive to deduplicate email production as much as possible (i.e., by producing a single thread containing all relevant emails). The parties will Bates number their electronic productions. Redactions will also be made electronically.

b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.** The Plaintiff anticipates sending interrogatories to all Defendants and does not anticipate needing more than the Rule 33(a) limit of twenty-five per party. Plaintiff will send interrogatories by **September 22, 2022.**

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.** Defendants anticipate sending interrogatories to Plaintiff and do not anticipate needing more than the Rule 33(a) limit of twenty-five. Defendant will send interrogatories by **September 22, 2022.**

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten**

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**depositions per side should apply, and reasons for any requested adjustment.** In addition to all Defendants, Plaintiff intends to depose his two former roommates; the complainant in the underlying campus Title IX proceeding; the friends of the complainant who provided statements to police in the aftermath of the events; Plaintiff's advisor in the campus proceedings, Patrick Saccocio; and PVAMU police officer Kalon Junious, who provided testimony at Plaintiff's campus hearing. Additionally, Plaintiff reserves the ability to depose additional essential fact witnesses identified in the course of discovery.

Because this case involves six individual Defendants as well as fact witnesses, the presumptive limit of ten depositions per side should be extended to allow for the depositions of all Defendants and essential fact witnesses.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

f. Defendants intend to depose the Plaintiff, John Doe; his two former roommates; the complainant in the underlying campus Title IX proceeding; and the friends of the complainant who provided statements to police in the aftermath of the events. Additionally, Defendant reserves the ability to depose additional essential fact witnesses identified in the course of discovery, as well as to the amend the above list.

g. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.** The parties will identify any expert who may testify at trial regarding issues on which the party has the burden of proof by **April 5, 2023**.

h. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** All expert depositions will be completed by **June 5, 2023**.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

> i. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** All expert depositions will be completed by **June 5, 2023**.

11. **State the date by which the parties can reasonably complete the planned discovery.** The parties reasonably anticipate being able to complete fact discovery by **March 22, 2023** and expert discovery by **June 5, 2023**.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

    **DEFENDANTS' POSITION** is that all discovery should be stayed pending the Court's resolution of the threshold issues of Eleventh Amendment Immunity and Qualified Immunity raised in Defendants' pending Motion to Dismiss, and that discovery deadlines should be set at that time.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.** Plaintiff's counsel discussed settlement with Defendants prior to the filing of the instant lawsuit. While Plaintiff remains open to a resolution that involves clearing his disciplinary record, Defendants' position is that settlement discussions right now, whether monetary or non-monetary or both, are premature.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.** Potential ADR techniques in this case would include negotiation and mediation.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.** The parties have **not agreed** to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

16. **Identify any party that has made a jury demand and whether it was timely.** Plaintiff timely made a jury demand.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.** The parties believe it is premature to estimate the number of hours prior to discovery, and will provide the Court with an estimate by the close of fact discovery.

18. **List pending motions the Court could resolve at the Scheduling Conference.**

19. **List other pending motions.**

    Plaintiff's Motion to Proceed Anonymously as John Doe (Dkt. No. 4)

    Defendants' Motion to Dismiss and Brief in Support of Motion to Dismiss (Dkt. Nos. 11-1 & 11).

20. **List all other matters that deserve attention of the Court at the Scheduling Conference.**

    **DEFENDANTS' POSITION** is that the Court should, pursuant to binding Fifth Circuit case law, enter an order staying all discovery directed at Defendants until such time as it rules on the threshold issues of Eleventh Amendment Immunity and Qualified Immunity presented in Defendants' Motion to Dismiss.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.** All parties have filed the Disclosure of Interested Persons: Defendants on 4/13/22 and Plaintiff on 4/14/22.

23. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

    Samantha K. Harris
    Allen Harris PLLC
    PA Bar No. 90268

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PO Box 673
Narberth, PA 19072
(860) 345-5310
sharris@allenharrislaw.com

Ramón A. Soto
**HARRISON, HART & DAVIS, LLC**
925 Park Ave. SW, Suite E
Albuquerque, NM 87102
(505) 295-3261 ext. 104
ramon@harrisonhartlaw.com
S.D. Tex. Bar No. 24118927

Benjamin Storey Lyles
Assistant Attorney General
General Litigation Division
Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
512.463.2798 (direct)
512.320.0667 (fax)
benjamin.lyles@oag.texas.gov

Allison Marie Collins
Office of the Texas Attorney General
General Litigation
PO Box 12548
Capital Station, MC19
Austin, TX 78711
512-475-4058
Fax: 512-320-0677
Email: allison.collins@oag.texas.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Respectfully submitted,

June 20, 2022                           /s/ *Ramón A. Soto*

   Date                                 Ramón A. Soto
                                        **HARRISON, HART & DAVIS, LLC**
                                        925 Park Ave. SW, Suite E
                                        Albuquerque, NM 87102
                                        (505) 295-3261 ext. 104
                                        ramon@harrisonhartlaw.com
                                        S.D. Tex. Bar No. 24118927

                                        Samantha K. Harris
                                        Allen Harris PLLC
                                        PA Bar No. 90268
                                        PO Box 673
                                        Narberth, PA 19072
                                        (860) 345-5310
                                        sharris@allenharrislaw.com

June 20, 2022                           /s/ *Benjamin Storey Lyles*

   Date                                 Benjamin Storey Lyles
                                        Assistant Attorney General
                                        General Litigation Division
                                        Attorney General of Texas
                                        P.O. Box 12548, Capitol Station
                                        Austin, Texas 78711
                                        512.463.2798 (direct)
                                        512.320.0667 (fax)
                                        benjamin.lyles@oag.texas.gov

                                        Allison Marie Collins
                                        Office of the Texas Attorney General
                                        General Litigation
                                        PO Box 12548

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Capital Station, MC19
Austin, TX 78711
512-475-4058
Fax: 512-320-0677
Email: allison.collins@oag.texas.gov