IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>PLAINTIFF<br><br>v.<br><br>PRAIRIE VIEW A&M UNIVERSITY, et al.,<br><br>DEFENDANTS. | Civ. No. 4:22-cv-01019 |

**PLAINTIFF'S CONCISE SUMMARY OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In accordance with Judge Hittner's procedures, Plaintiff submits this summary of the arguments contained in his Opposition to Defendants' Motion to Dismiss.

**I.   § 1983 DUE PROCESS CLAIM - ELEVENTH AMENDMENT IMMUNITY**

Plaintiff, who was expelled from Prairie View A&M University, seeks a declaration that the university violated his due process rights, and an expungement of his disciplinary record. Defendants argue that the relief sought is retrospective and thus not subject to the *Ex parte Young* exception to sovereign immunity. However, expungement of educational records under these circumstances is a well-recognized form of prospective relief. *See, e.g.*, *Shah v. Univ. of Tex. S.W. Med. Sch.*, 129 F. Supp. 3d 480, 496 (N.D. Tex. 2015) (request for declaratory and injunctive relief that would prevent a university from disseminating information about a student's expulsion was "clearly prospective").

**EXHIBIT A**

## II.   DEFENDANTS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS

Individually and taken together, the serious procedural irregularities in Plaintiff's case denied him due process. Defendants lost or destroyed police statements that bore directly on the central question of credibility. Then, in a hearing that turned on the respective credibility of Plaintiff and his roommate, RR, Defendants relied on the credibility testimony of a witness who repeatedly mixed Plaintiff and RR up and admitted to "confusion" about who was who. Defendants also allowed the investigator, who had already formed conclusions about the outcome of the case, to exercise undue influence over the hearing and possibly even to participate in deliberations.

## III.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

At a minimum, it is premature for this Court to rule on qualified immunity at this stage because there are unanswered questions that could impact Defendants' qualified immunity defense. If Defendants' loss or destruction of the police statements was done in bad faith, that would be a clearly established violation of Plaintiff's due process rights. And if the investigator – who was not impartial following her investigation – indeed participated in the deliberations, that would also be a clearly established violation of Plaintiff's due process rights. Therefore, even if this Court does not deny qualified immunity at this stage, the Court should allow discovery that is "narrowly tailored to uncover facts relevant to the

**EXHIBIT A**

[qualified immunity] defense." *Webb v. Livingston*, 618 Fed. Appx. 201, 206 (5th Cir. 2015).

IV. **PLAINTIFF HAS SUFFICIENTLY ALLEGED A TITLE IX CLAIM**

Under Title IX, a Plaintiff who alleges an erroneous outcome based on gender must allege (1) "particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding" and (2) a "causal connection between the flawed outcome and gender bias." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). Allegations of serious procedural irregularities like the ones made by Plaintiff are sufficient to create articulable doubt. *See, e.g.*, *Doe v. N. Mich. Univ.*, 393 F. Supp. 3d 683, 698 (W.D. Mich. 2019) (allegation that "proceeding was procedurally flawed" was sufficient to create articulable doubt). With respect to prong (2), Plaintiff has alleged that the pressure generated by multiple Title IX lawsuits against PVAMU by female complainants led PVAMU to abandon procedural fairness in his case. This is sufficient to create an inference of gender bias at this stage. *See, e.g.*, *Vengalattore v. Cornell Univ.*, 2022 U.S. App. LEXIS 15174, *43 (2d Cir. June 2, 2022) (internal citations omitted) ("when there are 'clear procedural irregularities in a university's response to allegations of sexual misconduct' we have concluded that 'even minimal evidence of sex-based pressure on the university is sufficient' to permit a plausible inference" of gender bias).

**EXHIBIT A**