IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, <br> *Plaintiff*, <br><br> v. <br><br> PRAIRIE VIEW A&M UNIVERSITY et al., <br> *Defendants*. | §§§§§§§§§ | CIVIL ACTION NO. 4:22-cv-01019 <br><br> JURY DEMAND |

**DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY**

Defendants, Texas A&M University Prairie View ("PVAMU," "University") and PVAMU officials, Alexis Boyd, Latoya Douglas, Daniel Hernandez, Keith T. Jemison, Anwar Phillips, and Steven Ransom ("Individual Defendants") (collectively, "Defendants") file this Unopposed Motion to Stay Discovery.

**I.   MOTION TO STAY**

Pursuant to Fed. R. Civ. P. 26(c), Defendants request that this Court stay all discovery directed at Defendants in this lawsuit pending the resolution of threshold issues of Eleventh Amendment and qualified immunity. Stays of discovery pending a resolution of a motion to dismiss are proper; stays of discovery pending a motion to dismiss that raises threshold issues of Eleventh Amendment and qualified immunity are necessary. Here, Defendants' motion to dismiss [dkt. 11] raises an immunity defense for each of Plaintiff's claims; the court must stay discovery until those threshold issues of Eleventh Amendment and Qualified Immunity are resolved.

The Eleventh Amendment provides not only immunity from liability, but also immunity from suit. *Puerto Rico Aqueduct & Sewer Auth.* v. *Metcalf & Eddy, Inc.,* 506 U.S. 139, 145 (1993).

Immunity from suit entitles the State "not to have to answer for [its] conduct" at all. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). That necessarily includes protection from having to incur the cost and burden of engaging in "such pretrial matters as discovery…" *Id.* at 526, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). Indeed, "[t]he very object and purpose of the 11th Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct*, 506 U.S. at 146; *see also Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (noting that the purpose of immunity "is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit").

Likewise, qualified immunity also provides immunity from the burdens of defending a suit, including pretrial discovery. This is because qualified immunity is more than a mere defense to liability, it is also an immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 237. "And one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell v. Camp*, No. 21-10171, 2022 WL 2186363, at *2 (5th Cir. June 17, 2022) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). Indeed, it is "*precisely* the point of qualified immunity….to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made." *Backe*, 691 F.3d at 648.

The Supreme Court has therefore repeatedly held that, when presented with an immunity-based defense, courts must stay discovery until after that immunity defense has been resolved. *See, e.g., Siegert*, 500 U.S. at 232-33; *Mitchell*, 472 U.S. at 525-26; *Harlow v. Fitzgerald*, 475 U.S. at 818. And recently, in the context of a motion to stay discovery pending resolution of threshold issues of

2

qualified immunity, the Fifth Circuit emphasized that a district court cannot "permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, No. 21-10171, 2022 WL 2186363, at *2 (overruling *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1986) and eliminating the exception allowing for narrowly tailored discovery to ascertain the availability of the qualified immunity defense.)

For these reasons, the Court must stay discovery until the threshold issues of Defendants Eleventh Amendment and qualified immunity are conclusively resolved. However, even if the Court concludes that it is not *required* to stay discovery, it nevertheless should exercise its discretion to do so because several additional factors favor a stay.

With respect to the merits of Plaintiffs' claims, there is no prejudice to Plaintiffs if the Court grants a stay. "Among the factors that inform the court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat;l Broad. Co., Inc.,* No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). "A stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Id.*

Discovery in this case would unduly burden Defendants by forcing them to endure needless discovery prior to the resolution of the threshold immunity issues they have raised. Furthermore, if the Court grants Defendants' Motion to Dismiss Plaintiff John Doe's Complaint, the staying of discovery will operate to the convenience of the Court. Moreover, if the Court ultimately grants Defendants' Motion, the needless procedures involved with conducting contested discovery will provide an unnecessary inconvenience to the Court.

Separately, considering the defenses raised by Defendants, there is no harm to non-parties if the Court addresses the threshold immunity matters prior to requiring discovery. There is no advantage to the public interest in proceeding at this point. It cannot be in the interest of the public to have the Court or Defendants proceed with needless discovery in pursuit of litigation that is fatally flawed by threshold immunity issues.

## II.   CONCLUSION

The law allows the staying of discovery and related proceedings while threshold issues are addressed. It requires the staying of discovery where those threshold issues include assertions of Eleventh Amendment and qualified immunity. The instant case is an appropriate and necessary one for staying of discovery, as Defendants have raised threshold immunity defenses against each of Plaintiff's claims.

As there are no advantages to proceeding with discovery, Defendants ask this Court to stay all proceedings with respect to discovery directed at them until such time as this Court has ruled on their Motion to Dismiss.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief – General Litigation Division


*/s/ Benjamin S. Lyles*
BENJAMIN S. LYLES
Texas Bar No. 24094808
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2798 PHONE
(512) 320-0667 FAX
Benjamin.Lyles@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on 31st July 2022 I conferred by email with plaintiff's counsel regarding the substance of this motion and counsel had indicated she had <u>no</u> opposition.

*/s/ Benjamin S Lyles*
BENJAMIN S. LYLES
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by ECF, on this the 1st day of August 2022, to all counsel of record.

*/s/ Benjamin S Lyles*
BENJAMIN S. LYLES
Assistant Attorney General