·United States District Court
Southern District of Texas
**ENTERED**
October 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-22-1019 |
| | § | |
| PRAIRIE VIEW A&M | § | |
| UNIVERSITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending is Defendants' Brief in Support of Motion to Dismiss (Document No.

11). Having considered the motion, submissions, and appliable law, the Court

determines the motion should be granted in part and denied in part.

## I. BACKGROUND

This is a civil rights case arising out of a Title IX sexual misconduct

investigation. On February 3, 2021, Plaintiff John Doe ("Doe") and Jane Roe

("Roe"), both students at Defendant Prairie View A&M University ("PVAMU"),

had a consensual sexual encounter in Doe's apartment. After the encounter, Doe left

the room and entered the kitchen. Both of Doe's roommates, RR and NH were in the

apartment's common room. RR then went into Doe's room where Roe remained.

Doe then heard sexual sounds coming from his room. RR later emerged from Doe's

room and told Doe and NH that he and Roe had sex. Roe later texted Doe, saying

she thought she was having sex with Doe when she was actually having sex with RR. Roe's friends then caused a disturbance at Doe's apartment. Ultimately, PVAMU police came to the apartment to investigate the disturbance, which allegedly included taking the statements of Doe, RR, and NH. On February 4, 2021, PVAMU's Title IX office was notified by PVAMU police about the incident involving Doe, RR, and Roe.

On April 15, 2021, Roe made a complaint to the Title IX office. On May 4, 2021, Doe received a letter from Defendant Alexis Boyd ("Boyd"), notifying him of an alleged violation of PVAMU's regulations, but allegedly did not notify him of the specific violating conduct. Boyd later provided an updated notice letter describing the incident involving Doe, RR, and Roe. On June 11, 2021, Defendant LaToya Douglas ("Douglas"), a PVAMU Title IX Investigator, began investigating. On November 10, 2021, Boyd sent Doe a draft investigation report. The statements given to PVAMU police were not present, which Doe alleges are exculpatory evidence. On December 10, 2021, Douglas issued her final report, finding Doe acted improperly in violation of PVAMU's Title IX policies. On January 7, 2022, Doe's formal hearing took place, with Defendant Daniel Hernandez ("Hernandez") acting as the hearing officer. On January 19, 2022, PVAMU found Doe was responsible for "sexual exploitation" and "complicity" and was expelled. Doe further alleges the formal decision letter was defective in that it did not list all the procedural steps

taken in the investigation, which Doe had to request after the letter was issued. Doe alleges this list shows PVAMU did not properly investigate the allegations against Doe, including the fact the statements made to PVAMU police by Doe, NH, and RR were either lost or destroyed. Doe alleges he timely filed his appeal within five business days of the formal decision. On March 15, 2022, Defendant Steven Ransom ("Ransom"), PVAMU's Associate Vice President of Student Affairs and Appellate Authority, upheld the decision and Doe was expelled effective immediately.

Based on the foregoing, on March 29, 2022, Doe filed this action against Douglas, Boyd, Phillips, Hernandez, Ransom, and Defendant Keith T. Jemison, Chief of PVAMU Police (collectively, the "Individual Defendants"), and PVAMU asserting claims: (1) under 42 U.S.C. § 1983 for violation of Doe's due process rights under the Fifth and Fourteenth Amendment against the Individual Defendants; and (2) violation of Title IX, 20 U.S.C. § 1681, against PVAU. On May 31, 2022, PVAMU and the Individual Defendants moved to dismiss all of Doe's claims.

## II.  STANDARD OF REVIEW

### A.    *12(b)(1) Standard*

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter

3

jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

B.    *12(b)(6) Standard*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the

4

elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III.  LAW & ANALYSIS

Defendants contend: (1) Doe's claims against PVAMU and the Individual Defendants in their official capacity should be dismissed for lack of subject matter jurisdiction as they are barred by the Eleventh Amendment; (2) Doe's due process claims against the Individual Defendants in their individual capacity are barred by qualified immunity; and (4) Doe fails to state a claim upon which relief may be granted as to his Title IX claim. Doe contends: (1) the *Ex Parte Young* exception applies to his claims against the Individual Defendants and PVAMU is not entitled to sovereign immunity; (2) the Individual Defendants are not protected by qualified

5

immunity with respect to Doe's due process claims; and (3) he has sufficiently pleaded his Title IX claim against PVAMU.

## A.    *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Defendants contend this Court lacks subject matter jurisdiction over as Doe's claims which they contend are barred by the Eleventh Amendment. Doe contends his claims against the Individual Defendants in their official capacities fall within the *Ex parte Young* exception, and sovereign immunity does not preclude its claims against PVAMU. The Court first addresses whether the Eleventh Amendment bars Doe's claims against PVAMU.

### 1.    *PVAMU's Sovereign Immunity*

The Eleventh Amendment to the United States Constitution guarantees that a State or its entities may not be sued by private individuals in federal court, absent waiver or Congressional abrogation of sovereign immunity. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). Texas has not waived its sovereign immunity. 804 F.3d 389, 394 (5th Cir. 2015). However, Title IX contains a Congressional abrogation of a state's sovereign immunity. 20 U.S.C. § 1681(a); *Pederson v. La. State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000).

Here, the only claim Doe brings against PVAMU is a violation of Title IX based on PVAMU's handling of the Title IX investigation and hearing. Since Congress clearly abrogated state sovereign immunity in the text of Title IX, the

6

Court finds the Eleventh Amendment does not bar Doe's Title IX claim against PVAMU. Thus, PVAMU's motion to dismiss for lack of subject matter jurisdiction as to Doe's claim against PVAMU is denied. The Court now turns to whether the Eleventh Amendment bars Doe's claims against the Individual Defendants in their official capacities.

      2.      *The Individual Defendants' Eleventh Amendment Immunity*

The Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law. *Raj v. La. St. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)). But to fall within the *Ex parte Young* exception, the plaintiff must include individual state officials in their official capacities as defendants. *Id.* Additionally, "the relief sought must be declaratory or injunctive in nature and prospective in effect," and the complaint must allege an "ongoing violation of federal law." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992); *NiGen Biotech*, 804 F.3d at 394. When determining whether a complaint alleges an ongoing violation, courts should conduct a "straightforward inquiry." *Id.* (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But even if a plaintiff were to sufficiently allege an ongoing violation, a defendant who "is not in a position to provide the requested relief" is not a proper party under the *Ex parte Young* doctrine. *Fairley v. Stalder*, 294 F. App'x 805, 812 (5th Cir. 2008).

Here, Doe contends the relief sought—the expungement of a notation on his transcript and a declaration that his due process rights were violated—is prospective in nature. However, assuming without deciding the relief sought is indeed prospective, Doe does not allege how each of the Individual Defendants are in a position to enforce or provide the relief requested. Indeed, Doe's complaint specifically requests the Court order PVAMU to expunge his record, not any of the Individual Defendants, tacitly admitting they do not hold the power to do so. Further, Doe's request for declaratory judgment stating Defendants violated his due process rights is not inherently prospective in nature, as the violations already occurred. Thus, the Court finds the Individual Defendants are not in a position to provide the requested relief and therefore are not proper parties under the *Ex parte Young* doctrine. *See Fairley*, 294 F. App'x at 812. Accordingly, the motion to dismiss for lack of subject matter jurisdiction as to the Individual Defendants in their official capacity is granted.

B.    *Motion to Dismiss for Failure to State a Claim*

The Individual Defendants contend they are entitled to qualified immunity as to Doe's claims against them in their individual capacities, and PVAMU contends Doe fails to adequately plead his Title IX claim again it. Doe contends the Individual Defendants are not entitled to qualified immunity because their actions, when taken together, clearly violated his due process rights. Doe further contends he adequately

8

pleaded a claim under Title IX against PVAMU. The Court first turns to whether
Doe's claims against the Individual Defendants are barred by qualified immunity.

### 1.    *Qualified Immunity*

The Individual Defendants contend they are entitled to qualified immunity
because their actions did not violate Doe's due process rights. Doe contends the
combination of the loss or destruction of potentially exculpatory evidence, the
hearing officer's alleged reliance on a "confused" witness, the Title IX investigator's
alleged influence over the hearing officer, and the delayed ruling on his appeal
violated his due process rights.

When government officials are sued for a constitutional violation under
Section 1983, they may assert the affirmative defense of qualified immunity. *Porter
v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 612 (5th Cir. 2004); *White v. Taylor*,
959 F.2d 539, 544 (5th Cir. 1992). "Qualified immunity protects government
officials performing discretionary functions from [civil] liability 'unless their
conduct violates clearly established statutory or constitutional rights of which a
reasonable person would have known.' " *Glenn v. City of Tyler*, 242 F.3d 307, 312
(5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The
defense of qualified immunity provides ample room for mistaken judgments on the
government actors' part and protects "all but the plainly incompetent or those who
knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland*

9

*Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Qualified immunity is "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Once qualified immunity is asserted, therefore, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

The Fourteenth Amendment states: "No State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The foundation of a procedural due process claim "is that the government, before

10

depriving the plaintiff of a recognized property or liberty interest, failed to afford the

plaintiff required procedures for challenging the government's action." *Plummer v.*

*Univ. of Hous.*, Civil Action No. 4:14-CV-2959, 2015 WL 12734039, at *11 (S.D.

Tex. May 28, 2015) (Hittner, J.) (citing *Wheeler v. Miller*, 168 F.3d 241, 249 (5th

Cir. 1999)). To establish a due process violation, a plaintiff "must first show [he]

[had] a protected [liberty] interest and then that government action resulted in a

deprivation of that interest and that [he] failed to receive all process due to [him]."

*Jabary v. City of Allen*, 547 F. App'x 600, 606 (5th Cir. Nov. 25, 2013) (quoting

*Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). Due process requires an

"opportunity to be heard at a meaningful time and in a meaningful manner."

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Particularly, with respect to

disciplinary decisions made by school administrators, courts must focus on

"ensuring the presence of 'fundamentally fair procedures to determine whether the

misconduct has occurred.' " *Plummer v. Univ. of Hous.*, 860 F3d 767, 773 (5th Cir.

2017) (quoting *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 635 n.1 (6th Cir. 2005)).

Here, Doe makes allegations he was denied due process during the

investigation, hearing, and appeal of the sexual misconduct allegations against him

by the Individual Defendants: (1) Alexis Boyd; (2) Latoya Douglas; (3) Daniel

Hernandez; (4) Keith T. Jemison; (5) Anwar Phillips; and (6) Steven Ransom. The

Court addresses Doe's allegations against each of the Individual Defendants in turn.

11

a.    *Alexis Boyd*

Alexis Boyd was the Director of the Title IX compliance office and the Title IX Coordinator at the time of the incident leading to Doe's investigation and ultimate expulsion. In his complaint, Doe makes the following factual allegations against Boyd: (1) Boyd's initial letter notifying him of the allegations against him as made by Roe was deficient in that it did not specify the basis of the allegations against him;[1] (2) Boyd sent the draft investigative report on November 10, 2021 which did not contain the statements by Doe's roommates allegedly made to PVAMU police;[2] and (3) the Title IX office's decision letter following the formal hearing was deficient in that it did not contain all the procedural steps taken during the investigation.[3]

Boyd contends none of these allegations amount to a depravation of Doe's due process rights as any deficiencies were subsequently corrected. However, Doe does not show how Boyd's actions prevented Doe from the meaningful opportunity to be heard so as to constitute a deprivation of due process rights. Nor does Doe articulate how these factual allegations are so fundamentally unfair as to constitute a due process violation. Thus, the Court finds Doe fails to allege facts indicating

---

[1] *Complaint*, Document No. 1, ¶¶ 62–64.

[2] *Complaint*, Document No. 1, ¶ 72.

[3] *Complaint*, Document No. 1, ¶ 84.

Boyd violated Doe's due process rights. Therefore, the Court finds Boyd is entitled to qualified immunity.

> b.   *Latoya Douglas*

Latoya Douglas was the Title IX Investigator assigned to investigate the allegations against Doe. In his complaint, Doe makes the following factual allegations against Douglas: (1) Douglas was permitted to cross-examine all witnesses, including Doe, at the Title IX hearing;[4] (2) Douglas did not, after Doe's request, obtain the statements RR made to PVAMU police, which Doe contends may be exculpatory;[5] and (3) Douglas's final investigative report did not include those statements.[6] Doe's allegations against Douglas appear to center around her handling of the investigation, alleging it was flawed as he contends the statements his roommates gave to PVAMU police would have exonerated him. The basis for Doe's belief is an after-the-fact discussion with his roommates, RR and NH, who allegedly told Doe they're version of events of the night of February 3, 2021 matched his own.[7] However, during the Title IX investigation conducted by Douglas, RR and NH made

---

[4] *Complaint*, Document No. 1, ¶ 77.

[5] *Complaint*, Document No. 1, ¶ 73.

[6] *Complaint*, Document No. 1, ¶ 74.

[7] *Complaint*, Document No. 1, ¶ 58.

statements that actually *contradicted* Doe's version of events.[8] These interviews conducted by Douglas were included in the investigative report which found Doe's actions constituted sexual misconduct.[9] Based on Douglas's failure to obtain the statements from PVAMU police, Doe contends the investigation was biased and inadequate because allegedly exculpatory evidence was not allegedly excluded from the investigation. However, Doe does not cite to any authority suggesting Douglas's inability obtain prior statements made by witnesses she was able to interview, and whom Doe had the opportunity to cross-examine, renders the whole investigation was so deficient as to constitute a violation of his due process rights. Therefore, the Court finds Doe fails to plead facts showing Douglas violated Doe's due process rights. Thus, the Court finds Douglas is entitled to qualified immunity.

       *c.*    *Daniel Hernandez*

Daniel Hernandez was the hearing officer and the ultimate decisionmaker with respect to the complaints against Doe. In his complaint, Doe alleges: (1) Hernandez improperly allowed Douglas to attend the Title IX hearing and question all the witnesses;[10] (2) Hernandez suggested people other than himself would participate in the deliberation process when, at the end of the hearing, he stated: "we

---

[8] *Complaint*, Document No. 1, ¶ 72.

[9] *Complaint*, Document No. 1, ¶¶ 72–75.

[10] *Complaint*, Document No. 1, ¶ 77.

14

will be closing the hearing and moving into deliberations;"[11] and (3) Hernandez may have relied on the testimony of a PVAMU police officer who, during the hearing, confused Doe with RR during his testimony.[12]

Doe contends Douglas acted in a "dual role" by questioning witnesses at the hearing and that Hernandez allowed Douglas to participate in the deliberations process in violation of Title IX regulations, requiring the decision-maker in the Title IX process to be a different person from the Title IX coordinator or investigator. Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30026, 30367 (May 19, 2020) (to be codified at 34 C.F.R. pt. 106). Doe does not cite to any caselaw stating Title IX investigators are not permitted to attend or participate in Title IX hearings, only that the ultimate decision-maker must be different from the investigator. However, aside from Hernandez's vague and ambiguous use of the word "we" at the close of the Title IX hearing, Doe pleads no facts indicating Douglas or any other person other than Hernandez participated in the *deliberation process* or acted as the decision-maker. Doe also alleges Hernandez *may* have relied on the testimony of a confused witness. Doe does not plead any facts indicating he was unable to cross-

---

[11] *Complaint*, Document No. 1, ¶ 80.

[12] *Complaint*, Document No. 1, ¶¶ 79, 101.

examine this witness or that Hernandez's decision was based solely on this witness. The fact mere Hernandez ruled against Doe is not proof Doe failed to receive the due process required under the Fourteenth Amendment at his Title IX hearing. Thus, the Court finds Doe fails to plead facts showing Hernandez violated his due process rights. Therefore, the Court finds Hernandez is entitled to qualified immunity.

        *d.*    *Keith T. Jemison*

Keith Jemison was the Chief of PVAMU Police. Doe does not make any specific allegations against Jemison in his official or individual capacity, nor does his plead any claims based on his failure to supervise. Instead, Doe seems to plead facts indicating the PVAMU Police Department failed to give over the statements PVAMU police officers took from Doe's roommates, which he contends would have been exculpatory.[13] Doe appears to allege the PVAMU Police Department, and Jemison as its Chief, acted improperly by destroying or misplacing the statements Doe's roommates allegedly gave to PVAMU police.

Doe contends the "bad-faith loss or destruction of potentially useful evidence by state officials constitutes a due process violation,"[14] citing *Arizona v. Youngblood*, 488 U.S. 51 (1988). In that case, the Supreme Court stated the police's

---

[13] *Complaint*, Document No. 1, ¶ 101.

[14] *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss*, Document No. 16 at 14–15.

failure to properly store the evidence in that case—evidence related to the sexual assault of a child—amounted to negligence at best, and was not done in bad-faith as required to show a due process violation. *Id.* at 58. Assuming without deciding *Arizona v. Youngblood* applies in this case and is so analogous as to put Jemison on notice of a clearly established constitutional right, Doe does not plead any facts Jemison acted in a way that violated his due process rights. Nor does Doe plead facts sufficient to show Jemison or the PVAMU police acted in bad faith in misplacing or destroying the statements taken during their investigation of the disturbance at Doe's apartment on February 4, 2021. Thus, the Court finds Doe fails to plead any facts showing Jemison, as an individual, violated Doe's due process rights. Therefore, the Court finds Jemison is entitled to qualified immunity.

      *e.*    *Anwar Phillips*

Anwar Phillips was the Title IX case analyst in the case against Doe. In his complaint, Doe alleges Phillips pressured him to accept responsibility for one of the charges against him without his advisor present during the initial stages of the investigation.[15] The interview where this exchange allegedly occurred took place on or about August 4, 2021—roughly four months before the formal Title IX hearing. It appears Doe simply alleges Phillips acted improperly by contacting him without

---

[15] *Complaint*, Document No. 1, ¶ 71.

his advisor present. However, Doe does not allege this exchange resulted in the denial of his opportunity to be heard or any other due process right. Nor does Doe allege Phillips's actions resulted in the investigative process being so fundamentally unfair so as to deprive him of his due process rights. Thus, the Court finds Doe fails to plead facts showing Phillips violated Doe's due process rights. Therefore, the Court finds Phillips is entitled to qualified immunity.

      *f.*    *Steven Ransom*

Steven Ransom was the Associate Vice President for Student Affairs and was the Appellate Authority in Doe's case. In his complaint, Doe alleges: (1) Ransom "ignored clear evidence of serious procedural errors when he denied Doe's appeal;"[16] (2) Ransom asked for and received several extensions before issuing his decision as to Doe's appeal, six weeks after he submitted his appeal when PVAMU policies state an appeal must be decide withing ten days;[17] and (3) in his decision, Ransom upheld Doe's expulsion without the benefit of the statements from Doe's roommates made to PVAMU police.[18]

Doe contends Ransom's alleged violation PVAMU policies by requesting and receiving an extension and issuing a decision outside the prescribed deadlines

---

[16] *Complaint*, Document No. 1, ¶ 12.

[17] *Complaint*, Document No. 1, ¶¶ 87–88.

[18] *Complaint*, Document No. 1, ¶ 89.

constitutes a denial of his due process rights. Doe also contends Ransom's decision to uphold Hernandez's decision without the benefit of the allegedly exculpatory statements by his roommates made to PVAMU police violates his due process rights. However, Doe fails to articulate how this delay deprived him of a meaningful opportunity to be heard or rendered the process so fundamentally unfair as to deprive him of his due process rights. Thus, the Court finds Doe fails to plead facts showing Ransom's actions constituted a due process violation. Therefore, the Court finds Ransom is entitled to qualified immunity.

As found above, Doe fails to plead facts showing any of the Individual Defendants' actions constituted a deprivation of Doe's due process rights under the Fourteenth Amendment, entitling them all to qualified immunity. Accordingly, the Individual Defendants motion to dismiss based on qualified immunity is granted.[19]

2. *Title XI Claim*

PVAMU contend Doe fails to adequately plead a claim under Title XI based on either erroneous outcome or selective enforcement. Doe contends he has sufficiently pleaded facts to support his Title IX claim. Having considered the motion, submissions, and appliable law, the Court determines the motion as to Doe's

---

[19] While Doe contends all of the Individual Defendants' alleged actions, in combination, constitute a due process violation, the Court finds there can be no cumulative error where no individual error exists. *See United States v. Allen*, 269 F.3d 842, 847 (7th Cir. 2001) ("If there are no errors or a single error, there can be no cumulative error.").

Title IX claim against PVAMU should be denied. Accordingly, the motion as to Doe's Title IX claim is denied.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Brief in Support of Motion to Dismiss (Document No. 11) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the Section 1983 claims against the Individual Defendants in their individual capacity and in their official capacity, and the motion is denied as to the Title IX claim against PVAMU.

SIGNED at Houston, Texas, on this **24**day of October, 2022.

_____
DAVID HITTNER
United States District Judge