IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-01019 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, et al., | § | JURY DEMAND |
|     *Defendants.* | § | |
| | § | |

---

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

---

Defendant, Texas A&M University Prairie View ("PVAMU," "University") files this Original Answer and Affirmative Defenses to the allegations contained in Plaintiff's Complaint [Dkt. 1], and respectfully states the following:

**DEFENDANT'S ANSWER**

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), Defendant denies each and every allegation contained in Plaintiff's Complaint, except for those expressly admitted herein. The numbered paragraphs and titles below correspond to the numbered paragraphs and titles within Plaintiff's Complaint.

## I.      Introduction

1.      Pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's claims as to the Section 1983 claims against the Individual Defendants in their individual capacity and in their official capacity was dismissed. Additionally, paragraph 1 does not contain facts that require a response.

1

2.     Pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed, and any allegations pertaining to the dismissed claim no longer require a response. Notwithstanding the foregoing, Defendant admits that Plaintiff was expelled from PVAMU and denies the remainder of paragraph 2.

3.     The allegations of paragraph 3 are denied as untrue.

4.     The allegations of paragraph 4 are legal conclusions that do not require a response. To the extent a response is required, PVAMU denies the allegations as untrue.

## II.     Parties

5.     Defendant admits that Plaintiff was a student at PVAMU until his expulsion was upheld on March 15, 2022. In further answer, Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in paragraph 4, and neither admits nor denies same. Plaintiff is left to his proofs.

6.     Admitted.

7.     Defendant admits that Alexis Boyd was the Director if Title IX Compliance at PVAMU during the relevant time period and was responsible for overseeing the Title IX hearing process. Pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed including Ms. Boyd, and no response to the remaining allegations of paragraph 7 is required.

8.     Defendant admits that LaToya Douglas was a Human Resources Compliance Officer II at PVAMU during the relevant time period and served as the investigator of the complaints filed against Doe. Defendant further admits that Ms. Douglas participated in the Title

IX hearing and asked questions of witnesses at the hearing but denies as untrue that her participation violated Texas A&M regulations or federal law. The remaining allegations of paragraph 8 are legal conclusions to which no response is required, and pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed so no further response is required.

9.    Defendant denies that Daniel Hernandez is an Associate Professor in the school of Architecture. In further answer, Defendant admits that Mr. Hernandez was the hearing officer and decision maker for Plaintiff's Title IX hearing and was responsible for conducting that hearing. All remaining allegations in paragraph 8 are legal conclusions to which no response is required, and pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed so no further response is required.

10.    Defendant admits that Keith Jemison is the Associate Vice President and Chief of Police at PVAMU and is responsible for the University Police Department. Defendant denies the remainder of the allegations in paragraph 10 as untrue. All remaining allegations in paragraph 8 are legal conclusions to which no response is required, and pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed so no further response is required.

11.    Defendant admits that Anwar Phillips was an Administrative Coordinator II at PVAMU during the relevant time and that his duties included assisting with Title IX matters. Defendant does not have sufficient knowledge or information to form a belief regarding the

remaining allegations in paragraph 11, and neither admits nor denies same. Moreover, pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities, so no further response is required.

12.    Defendant admits that Steven Ransom was the Associate Vice President for Student affairs at PVAMU during the relevant time period, was the appellate authority for Doe's appeal, and denied his appeal. Defendant denies the remaining allegations of paragraph 12 as untrue. Additionally, pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities, so no further response is required.

### III.    Jurisdiction and Venue

13.    This paragraph contains legal conclusions rather than factual allegations, and no response is required.

14.    This paragraph contains legal conclusions rather than factual allegations, and no response is required.

### IV.    Background Facts

#### A.    Title IX Enforcement

15.    This paragraph does not contain factual allegations that require a response.

16.    Defendant admits that PVAMU receives federal funds. The remainder of this paragraph contains legal conclusions and not factual allegations, and no response is required.

17.    This paragraph contains legal conclusions, not factual allegations, and no response is required. To the extent a response is required, Defendant admits that universities maintain procedures for investigating and addressing complaints of student-on-student sexual harassment

and violence.

18.     This paragraph contains conclusory, self-serving statements rather than factual allegations and does not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and neither admits nor denies same.

19.     Defendant denies as untrue the allegations in paragraph 19 that it is "no stranger to pressure." In further answer, PVAMU admits that the referenced lawsuits were filed against it for alleged Title IX violations. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding the Houston Chronicle because the referenced items no longer exist at the provided website, so Defendant neither admits nor denies same.

20.     Defendant adamantly denies the allegations in paragraph 20 as untrue.

**B.      The Federal Title IX Regulations**

21.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, the text and enactment date of the referenced regulations speak for themselves, and Defendant does not adopt any interpretation of these regulations put forth by Plaintiff.

22.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, the text of the referenced regulations speak for themselves, and Defendant does not adopt any interpretation of these regulations put forth by Plaintiff.

23.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, the text of the referenced regulations speak for themselves, and Defendant does not adopt any interpretation of these regulations put forth by Plaintiff.

24.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, the text of the referenced regulations speak for themselves, and Defendant does not adopt any interpretation of these regulations put forth by Plaintiff.

25.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, this paragraph references a comment from the Department of Education in the Federal Register that is not part of the federal regulations and therefore, is not binding. Defendant does not adopt any interpretation of these regulatory comments put forth by Plaintiff.

26.     This paragraph does not contain factual allegations, and no response is required. To the extent a response is required, the text of the referenced regulations speak for themselves, and Defendant does not adopt any interpretation of these regulations put forth by Plaintiff. Additionally, this paragraph fails to set forth the entire text of the regulation, which reads:

> At the live hearing, the decision-maker(s) must permit each party's advisor to ask the other party and any witnesses all relevant questions and follow-up questions, including those challenging credibility. Such cross-examination at the live hearing must be conducted directly, orally, and in real time by the party's advisor of choice and never by a party personally, notwithstanding the discretion of the recipient under paragraph (b)(5)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceeding.
> NOTE: Paragraph (b)(5)(iv) discusses advisors accompanying the parties to any grievance meeting or proceeding and allows the recipient to establish restrictions regarding participation as long as the restrictions apply equally

27.     The allegations in this paragraph are admitted.

28.     Defendant denies that a Texas A&M University (TAMU) regulation governs PVAMU, but admits that Texas A&M University System (TAMUS) Regulation 08.0101 and corresponding PVAMU policy governs sexual misconduct complaints at PVAMU.

29.     The allegations in this paragraph are admitted.

30.     Defendant admits that sexual misconduct is one of the categories of prohibited conduct addressed in the PVAMU Student Sanctioning Matrix that provides non-binding, potential sanction outcomes for students found responsible for sexual misconduct.

31.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 governs sexual misconduct at PVAMU. In further response, Defendant admits that Plaintiff has accurately quoted a portion of the applicable TAMUS Regulation. Defendant denies all remaining allegations in paragraph 31 as untrue.

32.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 governs sexual misconduct at PVAMU. In further response, Defendant admits this paragraph accurately quotes a portion of TAMUS Regulation 08.01.01.

33.     Defendant admits the factual allegations in this paragraph.

34.     Defendant admits that Plaintiff has described some of the examples of potential sanctions provided in PVAMU's Title IX Cumulative Student Sanctioning Matrix, which further states that "behavioral examples identified in the matrix are not intended to represent an exhaustive listing of prohibit conduct or sanctions" and that the expulsion sanction for sexual exploitation lists "[a]ny one or combination of Level 2 and/or Level 3 behaviors" and a behavior from another category. Defendant notes that Plaintiff was also found to have violated other PVAMU rules for which the Title IX Matrix could not be the sole factor used to determine sanctions. Defendant does not accept but specifically rejects Plaintiff's interpretation of this

provision.

**D.      John Doe and Jane Roe Had a Consensual Sexual Encounter**

35.    Defendant admits that Plaintiff was a PVAMU student majoring in Finance. Defendant denies the remaining allegations in paragraph 35.

36.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted in paragraph 36, and neither admits nor denies same.

37.    Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations asserted in paragraph 36, and neither admits nor denies same.

38.    Admitted.

39.    Admitted.

40.    Admitted.

41.    Defendant admits that Jane Roe went into Doe's room on February 3, 2021, and that Roe was introduced to R.R. who was also in the room. Defendant denies the remaining allegations of this paragraph as untrue.

42.    Defendant admits that Doe, Roe and RR socialized in Doe's room, drank tequila, smoked marijuana. and engaged in conversation. Defendant denies the remainder of the allegations in paragraph 42 as untrue.

43.    Admitted.

44.    Admitted.

**E.      Jane Roe's Encounter with RR and its Aftermath**

45.    Defendant admits that Doe left the bedroom after he and Roe had sex and his roommate NH was in the common room of their apartment watching television. Defendant denies

the remaining allegations in paragraph 45 as untrue.

46.     Denied as untrue.

47.     Defendant admits that RR went into Plaintiff's room without Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of what RR saw when he opened the bedroom door, and neither admits nor denies same. The remaining allegations in paragraph 47 are denied as untrue.

48.     Defendant admits that sexual sounds were heard coming from Doe's bedroom after RR entered the room. Defendant lacks sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 48, and neither admits nor denies same.

49.     Defendant admits that RR left Doe's bedroom at some point, but Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 49, and neither admits nor denies same.

50.     Defendant admits that Roe was on a group call with her friends when Plaintiff entered his room. Defendant denies the remaining allegations in paragraph 50 as untrue.

51.     Defendant admits that Roe left Plaintiff's bedroom and apartment but denies as untrue that Roe said nothing to Plaintiff before leaving. Defendant lacks sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 51, and neither admits nor denies same.

52.     Defendant admits that after Roe left Plaintiff's apartment he texted and called Roe and she responded to his texts as quoted in the paragraph. Defendant denies the remaining allegations of paragraph 52 as untrue.

53.     Defendant admits that Roe responded to texts received from Plaintiff after ignoring

his calls and that a group of men and women entered Plaintiff's apartment after the incident, with a taser being pulled out by one of the women when Plaintiff and his roommates were perceived as threatening. Defendant does not have sufficient knowledge or information to for a belief as to the truth of the remaining allegations in paragraph 53, and neither admits nor denies same.

54.    Defendant admits that one woman pouted water on Plaintiff and campus police responded to the apartment. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 54, and neither admits nor denies same.

55.    Defendant admits that the police department took a verbal statement from Plaintiff at the apartment and Plaintiff subsequently provided a written statement at the police station. Defendant further admits that police collected a bedsheet and condom from the apartment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 55, and neither admits nor denies same.

56.    Defendant denies as untrue that Jane Roe made eye contact with R.R. when he entered the room. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56, and neither admits nor denies same.

57.    Defendant admits that Plaintiff showed Roe his STD test results and did not use a condom o February 3, 2021. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 57, and neither admits nor denies same.

58.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58, and neither admits nor denies same.

**F.    PVAMU Pressures Jane Roe to File a Complaint, then Conducts a Biased and Irregular Investigation**

10

59.     Admitted.

60.     Defendant admits that the Title IX office followed its standard practices by sending Roe emails offering resources and to schedule a meeting to discuss her options moving forward. Defendant denies the remainder of the paragraph as untrue.

61.     Admitted.

62.     Defendant denies that Ms. Boyd remains a Defendant in this matter but otherwise admits the allegations in paragraph 62.

63.     The allegations in this paragraph are denied, including that Texas A&M University (TAMU) policy governs PVAMU.

64.     Defendant admits that the updated notice letter includes the language quoted in this paragraph, as well as alleging that Plaintiff had engaged in Complicity.

65.     Defendant denies that PVAMU did not allege rule violations by Plaintiff as untrue. This paragraph otherwise contains conclusory, self-serving statements devoid of the specific context and circumstances at issue in this case that Defendant is therefore unable to admit or deny. To the extent Plaintiff implies wrongdoing on the part of Defendant, it is denied as untrue.

66.     Defendant admits that there was not an allegation that Plaintiff engaged in non-consensual sexual contact with Roe, but Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 66 and neither admits nor denies same.

67.     Defendant denies paragraph 67 as untrue.

68.     Defendant lacks sufficient information or knowledge to form a belief as to what Doe believed, and neither admits nor denies same. Defendant denies as untrue that any statements by

11

Plaintiff's roommates to police would exonerate him, and notes that Plaintiff had the opportunity to cross-examine his roommates as part of the Title IX Hearing to include questioning bout their statements to the police department.

69.     Admitted.

70.     Defendant admits that Plaintiff and his counsel participated in an informal resolution conference, but no resolution was reached. The remainder of the paragraph contains legal conclusions regarding Title IX regulations that do not require a response. Defendant does not adopt any interpretation of these regulations by Plaintiff.

71.     Defendant denies this paragraph as untrue.

72.     Defendant admits that Ms. Boyd sent Plaintiff a draft investigative report in November 2021 that did not include statements to the PVAMU police. Defendant further admits that the report reflected RR's testimony that Plaintiff went to RR's room and told RR that Doe was ready to have sex with RR, and Plaintiff's advisor had the opportunity to cross-examine RR on this point and question RR regarding his statements to police but did not do so. The remaining allegations in paragraph 72 are denied as untrue.

73.     Defendant admits that Plaintiff responded to the draft investigative report requesting that the statements given to police be included in the final report. Defendant denies as untrue that these statements would have been exculpatory, particularly in light of the witness testimony during the Title IX hearing that was subject to cross-examination by Plaintiff's counsel. Defendant otherwise lacks sufficient information or knowledge to form a belief as to what Doe believed, and neither admits nor denies same.

74.     Defendant admits that the final investigative report was issued in December 2021 (December 9, 2021) and that it did not include the statements to police as exhibits.

75.     Defendant admits that the final report pointed out discrepancies in the witnesses' interviews and indicated which witnesses were credible. Defendant lacks sufficient knowledge or information to form a belief regarding Doe's understandings, and neither admits nor denies the same, but notes that these witnesses were subject to cross-examination at the Title IX hearing regarding their testimony and prior statements.

76.     Defendant admits that Plaintiff emailed the Title IX office on January 2, 2022, and the Title IX office responded on January 3, 2022, that PVAMU police were contacted and the statements were not found by the police department. Defendant further admits that Doe's Advisor had the opportunity to question the witnesses at the Title IX Hearing, including the police officers and roommates. Defendant denies as untrue that the officer who took Doe and RR's statements did not appear at the hearing.

77.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 and corresponding PVAMU policies governs sexual misconduct investigations and hearings. Defendant admits that Plaintiff's Title IX hearing was held on January 7, 2022, that each party's advisor was permitted to cross-examine witnesses, and that as the investigator Ms. Douglas was present for the hearing, testified, and asked clarifying questions of the witnesses. Defendant denies the remaining allegations of paragraph 77 as untrue, including any assertions of wrongdoing by Defendant.

78.     Admitted, and in further response see the answer to paragraph 53 above.

79.     Defendant admits that Officer Junious testified at Doe's Title IX hearing but denies as untrue that the officer failed to clarify any confusion in his testimony regarding which individual engaged in what behavior and who was credible. The remaining allegations in paragraph 79 are denied as untrue.

80.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 and corresponding PVAMU policy governs sexual misconduct. In further answer, Defendant admits that Mr. Hernandez used the universal "we" when closing the hearing and before he, alone, engaged in deliberations regarding this matter.

81.     Admitted.

82.     Defendant admits that the PVAMU Title IX Cumulative Student Sanctioning Matrix lists probation as the standard sanction for sexual exploitation, but the Matrix states that "behavioral examples identified in the matrix are not intended to represent an exhaustive listing of prohibit conduct or sanctions" and that the expulsion sanction for sexual exploitation lists "[a]ny one or combination of Level 2 and/or Level 3 behaviors" and a behavior from another category. Defendant notes that Plaintiff was also found to have violated other rules of PVAMU for which the Title IX Matrix would not be the sole factor used to determine sanctions.

83.     Defendant admits that the investigation against RR was resolved via informal resolution with the agreement of Roe. Defendant denies that RR remains enrolled as a student and denies the remaining allegations in paragraph 82 as untrue.

14

84.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 and corresponding PVAMU policy governs sexual misconduct. In further answer, Defendant admits that the required list of procedural steps was not initially attached to PVAMU's decision, but that this was rectified after Plaintiff's advisor notified PVAMU of the error, to include providing Plaintiff additional business days to review and appeal the decision to account for the error.

85.     Defendant admits that after Doe notified the Title IX office of the omission of the attachment to the hearing officer's decision, PVAMU provided him an additional copy and gave him five (5) additional business days to file his appeal of the decision. Defendant denies the remaining allegations in paragraph 85 as untrue.

86.     Defendant denies that Texas A&M University ("TAMU") regulation governs PVAMU. The Texas A&M University System ("TAMUS") Regulation 08.01.01 and corresponding PVAMU policy governs sexual misconduct. In further answer, Defendant admits that Plaintiff timely filed an appeal after being given an additional five business days in which to file the appeal.

87.     Defendant admits that the PVAMU rule states that appeals will be decided within 10 business days, and that the appellate authority requested and received extension of this deadline. Defendant denies the remaining allegations in paragraph 87 as untrue, including and implications of wrongdoing.

88.     Defendant admits that Plaintiff received the appellate decision on March 15.

89.     Defendant admits that the appellate decision noted that the police statements no longer existed and their contents were therefore unknown, but also noted that Plaintiff had the

opportunity to review the interview summaries, provide comments for the investigation, and to question the witnesses at the Title IX Hearing. Defendant denies the remaining allegations in paragraph 89 as untrue.

90.     Defendant admits that Plaintiff was notified of his expulsion effective immediately. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 90 at this time, and neither admits nor denies same.

91.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the conclusory allegations in paragraph 91, and neither admits nor denies same.

92.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the conclusory allegations in paragraph 92, and neither admits nor denies same.

## V.     CAUSES OF ACTION

**COUNT 1:** **Due Process under the 5th and 14th Amendment to the United States Constitution and 42 U.S.C. § 1983 (Individual Defendants).**

93.     Defendant repeats and reaffirms its answer to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

94-104.    Pursuant to the Court's October 24, 2022, Order [Dkt. 24], Plaintiff's Section 1983 claims against the Individual Defendants in their individual and official capacities were dismissed. Therefore, no response is required to the allegations in these paragraphs.

**COUNT 2: Title IX, 20 U.S.C. § 1681 (PVAMU)**

105.     Defendant repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

106.     This paragraph contains legal conclusions that do not require a response. Defendant does not adopt any interpretation of this statute put forth by Plaintiff.

16

107.    Admitted.

108.    This paragraph contains legal conclusions that do not require a response. Defendant does not adopt any interpretation of this statute or regulations put forth by Plaintiff.

109.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations as untrue.

110.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations as untrue.

111.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 111 as untrue.

112.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 112 as untrue.

113.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant admits that Ms. Douglas, as the Title IX investigator, attended the Title IX hearing and asked clarifying questions of the witnesses. Defendant denies as untrue the remaining allegations in paragraph 113, including that Ms. Douglas's participation violated Title IX.

114.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant admits that the list of procedural steps was not initially attached to the decision, but this error was rectified, and Plaintiff was provided with an additional five das to review the decision and file an appeal. Defendant denies all remaining allegations in paragraph 114 as untrue.

115.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 115 as untrue.

## Prayer for Relief and Jury Demand

This paragraph contains Plaintiff's recitation of the relief sought in this action to which no response is required. To the extent a response is required, Defendant denies as untrue the allegations in their entirety and further denies that any relief is appropriate or warranted in this case.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Defendant further asserts the following defenses and affirmative defenses and reserves the right to timely amend its answer to include such additional affirmative defenses that may become apparent I the factual development of this case.

1.      Sovereign immunity from suit bars any and all of Plaintiff's claims to which that defense may apply.

2.      Sovereign immunity from liability bars Plaintiff's recovery to such an extent that it applies.

3.      Plaintiff's own acts and/or omissions caused or contributed to Plaintiff's injuries, if any.

4.      Plaintiff's claims, in whole or in part, are barred by waiver, estoppel, or unclean hands.

5.      Plaintiff's damages or losses, if any, are barred in whole or part by the after-acquired evidence doctrine.

6.      Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

7.      Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events that occurred outside any applicable statutes of limitation; all Plaintiff's claims are, in fact, time-barred.

8.      Plaintiff has failed to mitigate his damages, if any exist.

9.      Defendant asserts all statutory caps on damages or other relief sought by Plaintiff.

10.     Defendant did not intentionally discriminate against Plaintiff on the basis of sex, and his Title IX claim should be dismissed.

11.     Plaintiff cannot show that gender bias was a motivating factor behind Defendant's decision, and his Title IX claim must therefore be dismissed.

12.     Defendant asserts that Plaintiff's requested relief is not available or is not authorized for the causes of actions asserted or remaining in this matter.

13.     Defendants assert the 'after-acquired evidence" defense for all claims to which this defense may apply.

14.     Plaintiff has failed to allege particular facts sufficient to cast some articulable doubt upon the accuracy of the disciplinary proceeding's outcome, and his Title IX claim must therefore be dismissed.

15.     Plaintiff cannot show that gender bias was a motivating factor behind any purported erroneous outcome from the disciplinary proceedings, and his Title IX claim must therefore be dismissed.

16.     Plaintiff cannot show that the decision to initiate disciplinary proceedings against him and/or the severity of his punishment was affected by his gender, and his Title IX claim mut therefore be dismissed.

17.     At all times relevant to this suit, Defendant's actions were undertaken in good faith and were reasonable and proper under the laws of the United States and the State of Texas.

## DEFENDANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court deny Plaintiff any and all relief requested and dismiss his claims with prejudice. Defendant further requests any and all other relief, including costs and attorney's fees, to which it may be entitled both in law and in equity.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ Benjamin S. Lyles
BENJAMIN S. LYLES
Texas Bar No. 24094808
Attorney-in-Charge
Assistant Attorney General

20

/s/ Allison M. Collins

ALLISON M. COLLINS
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2798 PHONE
(512) 320-0667 FAX
allison.collins@oag.texas.gov

***Attorneys for Defendant***

### CERTIFICATE OF SERVICE

I certify that that on November 21, 2022, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Allison M. Collins

ALLISON M. COLLINS
Assistant Attorney General