United States District Court
Southern District of Texas
**ENTERED**
January 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, <br> *Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:22-cv-01019 |
| PRAIRIE VIEW A&M UNIVERSITY et al., <br> *Defendants.* | § <br> § <br> § | JURY DEMAND |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of information required by law or

1

agreement to be kept confidential and (b) the Confidential Attorney Eyes Only designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development.

3. Documents and things produced during this litigation within the scope of paragraph 2(a) above, shall be designated as such by the producing party.

4. The failure to designate or withhold any information as confidential or privileged, whether inadvertent or otherwise, will not be deemed to waive a later claim as to its confidential or privileged nature in this case or in any other federal or state proceeding, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. If the parties are unable to reach agreement, the receiving party may seek an order from the court to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective

Order.

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of litigating this action including discovery, depositions, pre-trial motions, trial preparation, trial, and appeal. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

7. It is agreed that all parties will limit dissemination of the produced documents and materials to (1) Members of their attorneys' offices working on the case; (2) Expert witnesses in the case; (3) the Parties and their representatives; and (4) insurance carriers' representatives for the parties;

8. No copies of any documents, materials, electronic media, or information provided or produced by the Parties in this litigation will be made other than by counsel for the parties to this agreement or members of their office staffs. Such copies will be made only for the purpose of, and to be used in, this litigation; and

9. The Parties, and their attorneys, agree to keep secure and/or protect any and all documents, materials, electronic media, or information produced by the Parties subject to this Agreement so that anyone other than the parties to this litigation and their attorneys will not have access to said documents, materials, or information.

10. If any party wishes to submit Confidential Information to the court, the parties agree that such submission must be filed under seal.

11. Subject to state law and applicable record retention duties, within sixty

(60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Further, the parties' respective counsels may maintain their respective files for the period determined by their ethical obligations for purposes of complying with those ethical obligations to their clients, provided that any such are materials are maintained and protected in accordance with the terms of this Protective Order.

So ORDERED and SIGNED this __26__ day of __Jan__, 2023.

_____
HON. DAVID HITTNER
UNITED STATES DISTRICT JUDGE