IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, <br> *Plaintiff*, <br><br> v. <br><br> PRAIRIE VIEW A&M UNIVERSITY, <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br> CIVIL ACTION NO. 4:22-cv-01019 <br><br> JURY DEMAND |

## PLAINTIFF'S CONCISE SUMMARY OF ARGUMENTS IN OPPOSITION TO SUMMARY JUDGMENT

In accordance with Judge Hittner's procedures, Plaintiff submits this summary of the arguments contained in his Opposition to Defendant's Motion for Summary Judgment.

1. To determine whether a school violated Title IX in disciplining an accused student, "the operative question for summary judgment [is whether] a reasonable jury—presented with the facts alleged—[could] find that sex was a motivating factor in the University's disciplinary decision." *Doe v. Rice Univ.*, 67 F.4th 702, 709 (5th Cir. 2023).

2. While the Court is no longer limited to applying strict doctrinal tests to evaluate whether an accused student has suffered sex discrimination, these tests are still useful because "each demonstrates that a reasonable jury—presented with the evidence in this record—could conclude that sex was a motivating factor in [a university's] decision to discipline [a respondent]." *Doe v. Rice*, 67 F.4th at 709. One

of those tests is the "erroneous outcome" test, under which a plaintiff "must point to particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding, and demonstrate a causal connection between the flawed outcome and gender bias." *Id.*

3. Doe has presented evidence of procedural errors that cast doubt on the outcome of PVAMU's disciplinary proceeding. PVAMU's investigator withheld evidence that a key witness had made statements expressing bias against men. She also improperly questioned witnesses during the hearing in violation of university policy and the federal Title IX regulations. PVAMU's Title IX office failed to obtain exculpatory evidence despite Doe's multiple requests. PVAMU's hearing officer based his decision on multiple demonstrably erroneous factual findings and imposed a severe punishment deviating from the university's own sanctioning matrix. PVAMU's appeals officer inexplicably delayed his decision despite university guidelines, failed to meaningfully engage with procedural irregularities on appeal, and admitted that he misstated PVAMU's actual policy regarding the investigator's actions at the hearing.

4. Doe has also presented evidence demonstrating a causal connection between the flawed outcome and gender bias. PVAMU's investigator treated male and female witnesses differently in a manner that reflects a bias against men. Of the eight students who entered Doe's apartment following the incident on February 3, 2021, the investigator admitted she chose to interview only the female students. In

violation of university policy, PVAMU's investigator also withheld clear evidence of gender bias by a female witness from the parties, while simultaneously emphasizing questions she had about the credibility of a similarly situated male witness. PVAMU also failed to investigate retaliation against Doe by a female witness, including disseminating his phone number on social media with instructions to "blow that number up since he wanna set women up to get raped."

## CONCLUSION

For the reasons stated above, this Court should deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

ALLEN HARRIS PLLC

*/s/ Samantha K. Harris*
Samantha K. Harris
PA Bar No. 90268
PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com

THE SOTO LAW OFFICE, LLC

*/s/ Ramon A. Soto*
Ramón A. Soto
S.D. Tex. Bar No. 24118927
PO Box 3585
Albuquerque, NM 87190
(505) 273-4062
ramon@sotolawoffice.co

**ATTORNEYS FOR PLAINTIFF**