IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>　*Plaintiff*,<br><br>v.<br><br>PRAIRIE VIEW A&M UNIVERSITY, et al.,<br>　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:22-cv-01019 |

## DEFENDANT'S REPLY IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE HITTNER:

Defendant Prairie View A&M University ("PVAMU") files this Reply in support of its Motion for Summary Judgment (Dkt. #42).

Plaintiff's response (Dkt. #45) nitpicks at perceived procedural errors during Doe's Title IX proceedings, but even if true, the procedural errors applied to *both* the male and female parties to the proceeding. Accordingly, Plaintiff fails to make the requisite showing of gender discrimination for his Title IX claim, and summary judgment is warranted.

**A.     Doe complains about immaterial errors, and he had a full opportunity to present evidence in the proceeding.**

In his response, Doe cites cases that involve severe procedural irregularities. For example, in *Doe v. Rice University*, 67 F.4th 702, 708 (5th Cir. 2023), the university banned the male respondent from campus before giving him a reasonable opportunity to be heard, and despite finding that he had informed the female complainant of his herpes diagnosis, sanctioned the respondent anyway. *Id.* at 708. In *Doe v. Texas Christian University*, 601 F. Supp. 3d 78, 84 (N.D. Tex. 2022), the hearing officer "excluded nearly all of the evidence offered by Doe."

In contrast, here Doe complains about—among other things—the font formatting in the investigator's notes. *See* Dkt. #45, at 7. Doe complains that the investigator's "interview summary italicized the language [KH] used that she found less than credible, and emphasized the fact that she reminded him about the importance of responding truthfully." *Id*.

Elsewhere Doe complains that out of the group of the female respondent's friends, the investigator did not interview one particular male friend (KW)—which Doe characterizes (on page 18) as admitting "she chose to interview only the female students." Doe ignores the explanation given—that the investigator interviewed the friends who Roe made an outcry to, as opposed to the friends who simply came to the apartment later. Pl. Appendix 94, at 39:20-24.

Doe complains about immaterial fact issues such as whether the female respondent was completely "naked" or bottomless while awaiting Doe to return to his bedroom. *See* Dkt. #45, at 10, 12. The hearing officer making the finding that she was "naked" explained that he meant "her genitalia was exposed." Pl. Appendix 106 at 56:4-5.

Doe complains that the hearing officer "erroneously found that Doe's roommate, RR, had told university police that he and Doe had communicated by text about having a threesome with Roe." Dkt. 45, at 9-10. While this information was indeed in the university police report, RR later clarified that "he did not text [Doe] that night, he said they communicated verbally throughout the evening." Pl. Appendix at 3. To the extent the hearing officer's factual finding was incorrect, that is immaterial.

Another immaterial fact Doe complains about (on page 11) was that his appeal was decided by the Dean of Students, Steven Ransom. Doe erroneously conflates his student conduct proceeding (where ironically Ransom on appeal found *in favor* of Doe) with the Title IX proceeding, in which Ransom had no prior involvement.

Doe complains vociferously about one particular "biased" witness, MD, who was not involved in any sexual misconduct—and thus not subject to a Title IX proceeding, unlike Doe. Yet Doe complains (on page 8) that the Title IX coordinator

did not investigate MD for student conduct violations. Like all witnesses at Doe's hearing, MD was subject to cross-examination by Doe's representative about her bias as being the respondent's friend.

Doe further complains (on page 11) that PVAMU's "sanctioning matrix" for Title IX cases did not indicate his facts warranted expulsion—ignoring the fact the matrix was merely a guideline and was not exhaustive as far as factors to be considered. Def. Appx. 127, ¶ 5.

Such complaints are immaterial and, even if substantiated, amount to nothing more than negligence—which is insufficient to show a Title IX violation. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642 (1999). In contrast, it is undisputed that Doe was permitted to present evidence at a hearing, cross-examine witnesses, and appeal the decision. Doe's Title IX proceedings here were nothing like the "one-sided procedures" found to be improper in prior cases. *See, e.g., Doe v. Rice University*, 67 F.4th at 708.

**B.     The perceived procedural errors mutually affected both sides of the proceeding, and thus do not show gender discrimination.**

Doe's central complaints appear to be: 1) the missing police statements of three witnesses, 2) that the investigator LaToya Douglas questioned witnesses at the hearing, and 3) that Douglas only provided interview summaries as opposed to the full audio recordings before the Title IX hearing.

PVAMU already addressed these issues in its opening brief as not being errors, but importantly, these perceived procedural errors equally affected the female complainant and male respondent, and thus do not show gender discrimination.

While Doe speculates that the missing police statements might exonerate him, they equally could have assisted the female complainant. The missing police statements were equally unavailable to both sides. Douglas questioned witnesses on both sides at the Title IX hearing, and provided the same investigation materials to both sides.

As such, Doe cannot show that a female was treated more favorably and thus that he was discriminated against based on gender. *See Klocke v. University of Texas at Arlington*, 938 F.3d 204, 210 (5th Cir. 2019), cert. denied, 140 S. Ct. 1268 (2020). Because Doe cannot causally link the perceived procedural errors to gender discrimination, summary judgment is warranted.

## CONCLUSION

For the reasons stated, the Court should dismiss all of Plaintiff's claims with prejudice.

August 18, 2023                                        Respectfully Submitted,

                                                          ANGELA COLMENERO
                                                          Provisional Attorney General

                                                          BRENT WEBSTER

        First Assistant Attorney General

        GRANT DORFMAN
        Deputy First Assistant Attorney General

        JAMES LLOYD
        Interim Deputy Attorney General for
        Civil Litigation

        KIMBERLY GDULA
        RYAN KERCHER
        Deputy Chiefs, General Litigation Division

        */s/Drew L. Harris*
        DREW L. HARRIS
        Texas Bar No. 24057887
        Southern Dist. No. 1114798
        ALLISON M. COLLINS
        Attorney-in-Charge
        Texas Bar No. 24127467
        Southern District No. 3736145
        Office of the Attorney General
        Assistant Attorneys General
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 | FAX: (512) 320-0667
        allison.collins@oag.texas.gov
        drew.harris@oag.texas.gov
        ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served to all counsel via CM/ECF, on this the 18th day of August 2023.

        /s/ *Drew L. Harris*
        **DREW L. HARRIS**