IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE,<br>    *Plaintiff*<br><br>v.<br><br>PRAIRIE VIEW A&M UNIVERSITY,<br>    *Defendant* | Civ. No. 4:22-cv-01019 |

# JOINT PRETRIAL ORDER

**I.   APPEARANCE OF COUNSEL**

**A. Plaintiff John Doe**

Samantha K. Harris
*Attorney-in-Charge*
PA Bar No. 90268
Allen Harris PLLC
PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com
*Admitted pro hac vice*

Michael Thad Allen
Allen Harris PLLC
PO Box 673
Narberth, PA 19072
(610) 634-8258
mallen@allenharrislaw.com
*Admitted pro hac vice*

Ramon A. Soto
S.D. Tex. Bar No. 24118927
The Soto Law Office
PO Box 3585
Albuquerque, NM 87190

1

(505) 273-4062
ramon@sotolawoffice.co
*Local counsel – not appearing at trial*

### B. Defendant Prairie View A&M University ("PVAMU")

DREW L. HARRIS
*Attorney-in-Charge*
Texas Bar No. 2405788
Southern District No. 1114798
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Drew.Harris@oag.texas.gov

COLE P. WILSON
Texas Bar No. 24122856
Southern Dist. No. 3864133
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Cole.Wilson@oag.texas.gov

## II.   STATEMENT OF THE CASE

This is a lawsuit for sex discrimination brought by Plaintiff John Doe against Prairie View A&M University (PVAMU), which Doe attended from Fall 2018 through March 2022. John Doe claims that PVAMU discriminated against him because of sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, by expelling him after a disciplinary proceeding in which his sex was a motivating factor behind the university's decision.

2

Specifically, Plaintiff alleges that Prairie View treated male and female witnesses differently during its investigation, withheld evidence of biased statements made by a female witness, failed to investigate conduct code violations and retaliation by female students, and reached a decision that was based on incomplete information, erroneous factual findings, and biased credibility assessments.

PVAMU asserts that Plaintiff was rightfully expelled from the university for "sexual exploitation" and "complicity" for leaving a female student, Jane Roe, in a bedroom in his apartment immediately after intercourse, and telling her that he would return to the bedroom but instead visiting his roommate, RR, and telling him that he could enter the bedroom, which led to alleged non-consensual sexual activity between RR and Roe.  PVAMU asserts that Plaintiff received a full and fair process and that gender discrimination played no role in the expulsion decision.

## III.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

## IV.   MOTIONS

The following motions are currently pending:

1. Plaintiff's Motion in Limine to Exclude Evidence of Discipline of Female Student MD

3

2. Plaintiff's Motion in Limine to Exclude Evidence of Firearm Charge Against John Doe

3. Plaintiff's Motion in Limine to Preclude Testimony of Jane Roe and NH

4. Defendant's Motion in Limine

V.   THE PARTIES' CONTENTIONS

Plaintiff:

1. Plaintiff contends that PVAMU violated his rights under Title IX because sex was a motivating factor behind its disciplinary decision.

2. Plaintiff contends that he is entitled to injunctive relief in the form of an order expunging transcript and college record of any reference to his the finding of "responsibility" for any and all sexual misconduct and lifting the ban on his presence on campus.

3. Plaintiff contends that he suffered damages in an amount to be determined at trial in the form of additional tuition; moving expenses; lost employment opportunities; a permanent disciplinary record; lost rent; and is also entitled to reasonable legal fees and costs under 42 U.S.C. § 1988(b).

Defendant:

1. Defendant contends that it acted in good faith when providing Plaintiff the due process required in Title IX proceedings, and that gender discrimination played no role in the proceedings.

2. Defendant contends that it did not make a clearly erroneous decision in deciding to expel Plaintiff for his conduct, and that gender discrimination played no role in the decision.

3. Defendant contends that Plaintiff was harmed by his own actions and is not entitled to any damages, and that any damages are speculative and unsupported.

VI.   ADMISSIONS OF FACT

1. The parties stipulate that Title IX of the Education Amendments of 1972 applies to PVAMU.

2. The parties stipulate that PVAMU charged Plaintiff with "sexual exploitation" and "complicity" regarding his conduct on the night of February 3, 2021.

3. The parties stipulate that PVAMU held a hearing on Plaintiff's case on January 7, 2022, after which the hearing officer Daniel Hernandez sanctioned Plaintiff with expulsion.

4. The parties stipulate that following his expulsion, Plaintiff enrolled at Texas Southern University and then graduated in December 2022, delaying his graduation by approximately seven months.

VII.   DISPUTED FACTS

The following facts are in controversy and necessary to the final disposition of this case.

### A. Plaintiff's contentions

1. PVAMU's investigator LaToya Douglas treated male and female witnesses differently during the investigation.

6

2. PVAMU failed to investigate or discipline a female student, MD, for actions that PVAMU officials admitted were violations of the university's conduct code.

3. PVAMU failed to investigate Plaintiff's allegations that MD and others retaliated against him for his status as a respondent in a Title IX matter.

4. LaToya Douglas suppressed evidence of witness bias from her interview summaries.

5. LaToya Douglas violated the federal Title IX regulations and PVAMU Rule 08.01.01.P1 when she withheld the full transcripts of her witness interviews from the parties.

6. Daniel Hernandez's decision to allow LaToya Douglas to question the parties and witnesses at the hearing violated Texas A&M University Regulation 08.01.01.

7. Daniel Hernandez's decision to allow LaToya Douglas to question the parties and witnesses at the hearing violated the federal Title IX regulations.

8. Daniel Hernandez's finding that Plaintiff's roommate RR "reported to UPD he and [Plaintiff] communicated by text about having a threesome with [Jane Roe]" was clearly erroneous.

9. Daniel Hernandez's finding that Plaintiff allowed RR to enter his bedroom while Jane Roe "laid naked" expecting Plaintiff was clearly erroneous.

7

10. Steven Ransom's appointment as the appellate authority violated Texas A&M University Regulation 08.01.01 because he had previous involvement in Plaintiff's case.

11. Steven Ransom's appeal decision ignored Plaintiff's concerns about procedural irregularity.

12. Steven Ransom's appeal decision did not address Plaintiff's claim that Daniel Hernandez made erroneous factual findings.

13. Plaintiff suffered substantial damages, including a permanent disciplinary record; additional tuition paid to complete his education at another institution; lost rent; lost employment opportunities; and legal fees.

**B. Defendant's contentions**

1. Defendant contends that it acted in good faith when providing Plaintiff the due process required under Title IX, and that gender discrimination played no role in the proceedings.

2. Defendant contends that it did not make a clearly erroneous decision in deciding to expel Plaintiff for his conduct, and that gender discrimination played no role in the decision.

3. Defendant contends that Plaintiff was harmed by his own actions and is not entitled to any damages.

## VIII. AGREED APPLICABLE PROPOSITIONS OF LAW

1. This dispute is governed by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

## IX. CONTESTED ISSUES OF LAW

1. Whether the causation standard for a Title IX claim is "motivating factor" or "but-for"?

2. Is an accumulation of procedural errors all disfavoring a male respondent evidence of gender bias?

3. Is it evidence of gender bias that an investigator treated male and female witnesses differently during the investigation?

4. Can procedural errors in a university's Title IX process support an inference of gender bias where a male respondent cannot show whether those errors had any impact on the final decision of the Title IX process?

5. Is it evidence of gender bias that an investigator excluded biased statements by a female witness from the investigative report?

6. Does a university's deviation from the federal Title IX regulations support an inference of sex discrimination?

7. Does a university's deviation from its own Title IX policies and procedures support an inference of sex discrimination?

## X. EXHIBITS

Exhibit lists are attached.

## XI. WITNESSES

### *Plaintiff's Witness List*

| # | Witness | Subject Matter | Will/May Call |
|---|---|---|---|
| 1 | John Doe | Mr. Doe is the plaintiff in the above-captioned action and has personal knowledge of the investigation, hearing, and appeal, as well as the damages caused by PVAMU's decision. | Will call |
| 2 | Daniel Hernandez | Mr. Hernandez acted as the hearing officer during PVAMU's Title IX hearing on the allegations against Plaintiff, and has personal knowledge of the hearing, the evidence presented during the hearing, and his decision. | Will call |
| 3 | LaToya Douglas | Ms. Douglas acted as the investigating authority during the Title IX process initiated against Plaintiff, and has personal knowledge of the Title IX investigation and hearing. | Will call |
| 4 | Alexis Boyd | Ms. Boyd was PVAMU's Title IX Coordinator during times relevant to this dispute. She has personal knowledge regarding Prairie View's Title IX policies and procedures. Ms. Boyd also has knowledge of the allegations against Plaintiff, as well as the investigation, hearing, decision, and appeal. | Will call |
| 5 | Steven Ransom | Mr. Ransom acted as the appellate authority both in Plaintiff's student conduct case and Title IX case stemming from the events of February 3-4, 2021. He has personal knowledge of the allegations against Plaintiff as well as the appeal of both decisions. | Will call |

10

| # | Witness | Subject Matter | Will/May Call |
|---|---|---|---|
| 6 | Patrick Saccocio | Mr. Saccocio acted as John Doe's advisor during PVAMU's Title IX investigation and hearing on the allegations against Plaintiff, and has personal knowledge of the investigation, the hearing, and the appeal. | May call |
| 7 | Anwar Phillips | Mr. Phillips was the Title IX Case Analyst during the times relevant to this dispute. He personal knowledge of PVAMU's Title IX policies and procedures, and how they were applied in Plaintiff's case. | May call |
| 8 | Denise Simmons | Ms. Simmons was the Director of Student Conduct during the times relevant to this dispute. She has personal knowledge of the student conduct process against Plaintiff. | May call |

*Defendants' Witness List*

| # | Witness | Subject Matter | Will/May Call |
|---|---|---|---|
| 1 | Daniel Hernandez | Mr. Hernandez acted as the hearing officer during PVAMU's Title IX hearing on the allegations against Plaintiff, and has personal knowledge of the hearing, the evidence presented during the hearing, and his decision. | Will Call |
| 2 | LaToya Douglas | Ms. Douglas acted as the investigating authority during the Title IX process initiated against Plaintiff, and has personal knowledge of PVAMU's Title IX policies and procedures. She also has personal knowledge of the Title IX investigation, facts developed during the investigation, and the hearing. | Will Call |
| 3 | Steven Ransom | Mr. Ransom reviewed Plaintiff's appeal from Mr. Hernandez's final decision, and has personal knowledge of Plaintiff's claims of procedural irregularities and an unfair outcome. He is also familiar with the Title IX proceedings. | Will Call |

11

| # | Witness | Subject Matter | Will/May Call |
|---|---|---|---|
| 4 | Alexis Boyd | Ms. Boyd was PVAMU's Title IX Coordinator during times relevant to this dispute. She has personal knowledge regarding Prairie View's Title IX policies and procedures. Ms. Boyd also has knowledge of the allegations against Plaintiff, as well as the investigation, hearing, decision, and appeal. | May Call |
| 5 | T.A. | T.A. was the female complainant in the Title IX proceeding and has personal knowledge regarding Plaintiff conduct the night of February 3, 2021. | May Call |
| 6 | N.H. | N.H. was the male roommate of Plaintiff and has personal knowledge of Plaintiff's conduct the night of February 3, 2021. | May Call |
| 7 | Keith Jamison | Mr. Jamison was the Chief of Police during the times relevant to this dispute. He has knowledge regarding the police records related to the February 3, 2021 incident. | May Call |
| 8 | Anwar Phillips | Mr. Phillips was the Title IX Case Analyst during the times relevant to this dispute. He personal knowledge of PVAMU's Title IX policies and procedures, and how they were applied in Plaintiff's case. | May Call |
| 9 | Alan Williams | Mr. Williams is Plaintiff's father. He has personal knowledge of his interactions with PVAMU's staff following the February 3, 2021 incident. | May Call |

## XII. SETTLEMENT

Plaintiff and Defendant have engaged in settlement discussions but have been unable to reach terms agreeable to both parties.

12

XIII. **TRIAL**

The parties anticipate that trial will last between 3 and 4 days. With respect to potential logistical difficulties, Plaintiff's counsel's husband has to be out of the country on business from February 26-March 14, so a trial during that time would cause significant family hardship with regard to child care.

XIV. **ATTACHMENTS**

A. The parties' proposed jury instructions and verdict form are attached hereto as **Attachment A**.

B. Plaintiff's Exhibit List (**Attachment B**).

C. Plaintiff's proposed *voir dire* questions (**Attachment C**).

D. Defendant's Exhibit List (**Attachment D)**.

E. Defendant's proposed *voir dire* questions (**Attachment E**).

F. Plaintiff's Pretrial Memorandum (**Attachment F**).

G. Plaintiff's Motion in Limine to Exclude Evidence of Discipline of Student MD (**Attachment G**)

H. Proposed order on Plaintiff's Motion in Limine to Exclude Evidence of Discipline of Student MD (**Attachment H**)

I. Plaintiff's Motion in Limine to Exclude Firearm Charge Against John Doe (**Attachment I**)

J. Proposed Order on Plaintiff's Motion in Limine to Exclude Firearm Charge Against John Doe (**Attachment J**)

K. Plaintiff's Motion in Limine to Exclude Testimony of Jane Roe and NH (**Attachment K**)

L. Proposed Order on Plaintiff's Motion in Limine to Exclude Testimony of Jane Roe and NH (**Attachment L**)

M. Defendant's Motion in Limine (**Attachment M**)

Date: December 31, 2023					Respectfully submitted,

**/s/ Samantha Harris**					**/s/ Drew Harris**
*Admitted pro hac vice*					DREW HARRIS
Counsel for the Plaintiff				Texas Bar No. 2405788
							Southern District No. 1114798
							COLE P. WILSON
							Texas Bar No. 24122856
							Southern Dist. No. 3864133
							Counsel for the Defendant

## CERTIFICATE OF SERVICE

I certify that that on December 31, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

						*/s/ Samantha Harris*
						SAMANTHA HARRIS