IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-01019 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| *Defendant* | § | |

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT

Plaintiff John Doe and Defendant Prairie View A&M University ("PVAMU") submit this Joint Proposed Jury Instructions and Verdict. Where the parties are in dispute as to an instruction, Plaintiff's proposed instructions are indicated in **blue**, and Defendants' proposed instructions are indicated in **red**. The parties do not waive the right to later modify or request modification of these proposed instructions, questions, and definitions, particularly as may be appropriate under subsequent Court rulings, the controlling law, and/or the evidence admitted at trial.

1

# I.   PRELIMINARY INSTRUCTIONS

**1.   Instructions for the Beginning of Trial**
(Fifth Circuit Pattern Instruction 1.1)[1]

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 1.1 (2020).

discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**2.      Preliminary Instructions to the Jury**
       (Fifth Circuit Pattern Instruction 1.2)

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial

or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict. Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments. It is now time for the opening statements.

## II.    COURT'S CHARGE TO THE JURY

**3.    Jury Charge**
(Fifth Circuit Pattern Instruction 3.1)

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**4.    Burden of Proof: Preponderance of the Evidence**
        (Fifth Circuit Pattern Instruction 3.2)[2]

Plaintiff John Doe[3] has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff John Doe has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**5.    Evidence**
        (Fifth Circuit Pattern Instruction 3.3)

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**6.    Witnesses**
        (Fifth Circuit Pattern Instruction 3.4)

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

---

[2] *See also* 3C Fed. Jury Prac. & Instr. § 177:50 (6th ed.).
[3] The parties dispute whether to continue the use of a pseudonym at a public trial. Defendant objects to all references to "John Doe."

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**7.     No Inference From Filing Suit**
       (Fifth Circuit Pattern Instruction 3.6)

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**8.     Pseudonyms**

Because of the nature of this lawsuit and the facts that it involves, the Court has permitted the plaintiff—that is, the person who filed the lawsuit—to use a pseudonym, a name that is not his real name. The plaintiff in this case has been referred to and will be referred to during the trial as John Doe. Other individuals who were students at Prairie View during the events of this case will also be referred to by pseudonyms.  The Court's permitting the use of pseudonyms does not mean that the Court has prejudged the case or is anything other than neutral about the case. You, as jurors, should not prejudge the case or draw any inferences because the Court has allowed the use of pseudonyms.

## II.    Nature of the Parties' Claims

**8.    Nature of the Action**
(3C Fed. Jury Prac. & Instr. § 177:1 (6th ed.))

John Doe bases his lawsuit on Title IX of the Education Amendments of 1972. Title IX prohibits colleges and universities from denying students access to educational benefits and opportunities on the basis of a student's sex. John Doe claims that his sex as a male student was a motivating factor behind Prairie View's decision to expel him for sexual exploitation and complicity.

Prairie View A&M denies Plaintiff's claim and contends that John Doe was expelled due to his misconduct and his refusal to accept any responsibility, and that his sex was not a factor in these decisions.

**9.    Plaintiff's Claim of Sex Discrimination under Title IX**

John Doe has sued Prairie View under a federal statute called Title IX of the Education Amendments of 1972.[4]  The relevant part of Title IX for the decision that you will make in this case is that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[5]  This applies equally to discrimination against male students as it does to discrimination against female students.[6]

For John Doe to establish his claim that Prairie View A&M unlawfully discriminated against him on the basis of sex, John Doe must prove by a preponderance of the evidence that sex was a motivating factor behind Prairie View A&M's decision to expel him.[7]

---

[4] 20 U.S.C. § 1681.

[5] 20 U.S.C. § 1681.

[6] *Oncale v. Sundowner Offshore Servs.*, 83 F.3d 118, 119 (5th Cir. 1996), rev'd on other grounds, 523 U.S. 75, 118 S. Ct. 998 (1998) (applying analogous Title VII prohibition against sex discrimination and noting "the Supreme Court's sexual harassment decisions are formulated in gender-neutral terms, and therefore, prohibit all discrimination because of sex, whether it is discrimination against men or women").

[7] In the Fifth Circuit, Title IX "bars the imposition of university discipline where gender is a motivating factor in the decision." *Doe v. Rice Univ.*, 67 F.4th 702, 709 (5th Cir. 2023) (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)). In *Rice*, the Fifth Circuit held that "the

There are various types of evidence that can suggest sex was a motivating factor in a university's disciplinary decision. If you find that there is accumulation of procedural irregularities all disfavoring a male respondent, you may consider this as evidence of sex discrimination.[8] Procedural irregularities may be particularly significant if they violate not only the university's own rules, but also the federal government's Title IX regulations.[9] Similarly, if you find that the university treated similarly situated male and female witnesses differently, or credited the testimony of female witnesses while discrediting the testimony of male witnesses, you may consider this as evidence of sex discrimination.[10]  You may consider all evidence tending to show, if you so find, that Prairie View treated the male student, John Doe, differently than the female student, Jane Roe, or which tends to show that John Doe was disadvantaged because he was a male student.[11]

For John Doe to establish his claim that Prairie View A&M unlawfully discriminated against him, John Doe must prove by a preponderance of the evidence that he would not have been expelled in the absence of—in other words, but for—his gender.

John Doe does not have to prove that gender discrimination was the only reason he was expelled from Prairie View A&M, but John Doe must prove that the decision to

---

operative question for summary judgment [is whether] a reasonable jury—presented with the facts alleged—[could] find that sex was a motivating factor in the University's disciplinary decision." *Id.* As Defendant points out (*see* n.12, *infra*), two years prior to the Fifth Circuit's decision in *Rice*, the Fourth Circuit adopted a more stringent "but for" causation standard in *Sheppard v. Visitors of Virginia State University*, 993 F.3d 230 (4th Cir. 2021). Had the Fifth Circuit wanted to follow the Fourth Circuit when deciding *Rice*, it certainly could have done so. District courts in the Fifth Circuit also apply the "motivating factor" standard to evaluate whether a university's disciplinary decision violated Title IX. *See Doe v. Univ. of Miss.*, 2023 U.S. Dist. LEXIS 156217, *17 (S.D. Miss. Sept. 5, 2023) (citing *Rice* to deny summary judgment "because there remains a fact question whether sex was a motivating factor in the University's disciplinary decision"); *Doe v. Texas Christian Univ.*, 601 F. Supp. 3d 78, 85 (N.D. Tex. 2022) ("Title IX bars the imposition of university discipline where gender is a motivating factor in the decision to discipline").

[8] *Id.*

[9] *Doe v. Texas Christian Univ.*, 601 F. Supp. 3d 78, 88 (N.D. Tex. 2022) (deviation from the federal Title IX regulations supports an inference of sex discrimination).

[10] *Doe v. Texas Christian University*, 601 F. Supp. 3d 78, 88 (N.D. Tex. 2022); *Doe v. Wash. & Lee Univ.*, 2021 U.S. Dist. LEXIS 74222, *41 (W.D. Va. April 17, 2021) ("starkly different treatment" of key testimony from male and female witness supports inference of sex discrimination on summary judgment).

[11] *Doe v. Rice Univ.*, 67 F.4th 702, 709 (5th Cir. 2023) (quoting *Doe v. Univ. of Denver*, 1 F.4th 822, 830 (10th Cir. 2021)).

expel him from Prairie View A&M would not have occurred in the absence of such gender discrimination.[12]

---

[12] Courts that have directly considered the Title IX causation standard based on the statutory language have found the "but-for" causation standard applies. *See* 20 U.S.C. § 1681 ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."); *Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 236–37 (4th Cir. 2021) ("We agree that 'on the basis of sex' requires 'but-for' causation in Title IX claims alleging discriminatory school disciplinary proceedings."); *Doe v. Univ. of St. Thomas*, No. CV 16-1127 (JRT/DTS), 2018 WL 10704607, at *2 (D. Minn. Aug. 6, 2018) ("The causation prong of [*Yusuf's*] test requires that Plaintiff demonstrate more than that gender bias was a 'motivating factor' behind the alleged erroneous outcome but was in fact a 'but for' cause of the allegedly erroneous outcome."); *Taylor-Travis v. Jackson State University*, Trial Transcript Vol. 16, 2431:4–2432:23 (applying the "solely as a consequence" causation standard in a jury instruction for a Title IX retaliation case) (N.D. Miss. Dec. 3, 2013); *Roe v. Purdue University*, Final Jury Instructions of the Court, Instruction No. 19 (N.D. Ind. Sept. 23, 2022) (applying the "because of" causation standard in a jury  instruction for a Title IX discrimination case); *see also* Fifth Circuit Civil Jury Instruction 11.1 (2020)..

## 10. Business Judgment

When determining whether an educational institution committed a Title IX violation, judges and juries should refrain from second-guessing the disciplinary decisions made by school administrators. Title IX does not require federal courts to second-guess debatable administrative decisions. This is because administrative decisions are generally best made by the educational institution, and not a federal court. Neither this Court, nor the jury, is to decide whether Prairie View A&M's punishment decisions were right or wrong.[13]

## 11. Intent
(3C Fed. Jury Prac. & Instr. § 177:23 (6th ed.))

Plaintiff John Doe must show Defendant Prairie View A&M intentionally discriminated against plaintiff. Plaintiff John Doe is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

---

[13] *See Doe v. Coastal Carolina University*, ECF 154, Court's Jury Instructions, Instruction No. 17 (D.S.C. Mar. 15, 2021); *see also Miller v. Board of Regents of the University of Minnesota*, Trial Transcript Volume VIII, 1864:24–1865:6 (D. Minn. Mar. 15, 2018) (adopting a similar "business decision" instruction in a Title IX case); *see also Price v. Rosiek Const. Co.*, 509 F.3d 704, 708–09 (5th Cir. 2007) (including a similar "business decision" instruction in charge); *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 581 n.13 (5th Cir. 2004) (same); *Julian v. City of Houston*, 314 F.3d 721, 728 n.18 (5th Cir. 2002) (same); *Deines v. Tex. Dept. of Protective and Regulatory Servs.*, 164 F.3d 277, 278 (5th Cir. 1999) ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination."); *Walton v. Bisco Industries, Inc.*, 119 F.3d 368, 372 (5th Cir. 1997) (courts "do not view the discrimination laws as vehicles for judicial-second guessing of business decisions").

**15.    Consider Damages Only If Necessary**
(Fifth Circuit Pattern Instruction 15.1)

If John Doe has proved his claim against Prairie View A&M by a preponderance of the evidence, you must determine the damages to which Plaintiff John Doe is entitled. You should not interpret the fact that I am giving instructions about Plaintiff John Doe's damages as an indication in any way that I believe that John Doe should, or should not, win this case. It is your task first to decide whether Prairie View A&M is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Prairie View A&M is liable and that John Doe is entitled to recover money from Prairie View A&M.

**16.     Mitigation of Damages**
        (Fifth Circuit Pattern Instruction 15.5)

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

17.   **Damages**
      (Fifth Circuit Pattern Instruction 15.2 & 15.6)

If Plaintiff John Doe has proved his claim against Defendant Prairie View by a preponderance of the evidence, you must then proceed to determine the damages to which the he is entitled.[14]   In a civil rights case, such as this case under Title IX, a Plaintiff should be compensated fairly for injuries caused by a violation of his civil rights, and it is up to you as the jury to determine the damage award.[15]   These damages are called compensatory damages.

The purpose of compensatory damages is to make the Plaintiff John Doe whole—that is, to compensate him for the damage that he suffered. If the Plaintiff John Doe prevails, he is entitled to compensatory damages for any financial losses, including lost employment opportunities, that he suffered because of Defendant Prairie View's wrongful conduct.[16]

You should not interpret the fact that I am giving instructions about Plaintiff John Doe's damages as an indication in any way that I believe that he should, or should not, win this case. It is your task first to decide whether Defendant Prairie View is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Prairie View is liable and that the Plaintiff John Doe is entitled to recover money from Prairie View for discrimination against him on the basis of sex, as the male student.[17]

You may award compensatory damages only for losses that the Plaintiff John Doe proves were proximately caused by Defendant Prairie View's allegedly wrongful conduct.

Please let me explain what I mean by proximate cause.  "Proximate cause" means that the alleged violation by the Defendant Prairie View of the Plaintiff John Doe's

---

[14] Fifth Circuit Pattern Jury Instructions, §§ 15.1, 15.2.

[15] *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 76, 112 S. Ct. 1028, 117 L. Ed. 2d 208 (1992) ("[A] damages remedy is available for an action brought to enforce Title IX"); *Santamaria v. Dall. Indep. Sch. Dist.*, Civil Action No. 3:06-CV-692-L, 2006 U.S. Dist. LEXIS 83417, at *161 (N.D. Tex. Nov. 16, 2006) (quoting *Carey v. Piphus*, 435 U.S. 247, 258, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)) (Title VI claim by students against school district).

[16] Fifth Circuit Pattern Jury Instructions, § 15.2; A.T. v. Oley Valley Sch. Dist., No. 17-4983, 2023 U.S. Dist. LEXIS 16619, at *8-9 (E.D. Pa. Feb. 1, 2023) (Title IX suit collecting cases on permissible damages post *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 142 S. Ct. 1562 (2022)).

[17] 42 USC § 1681; Fifth Circuit Pattern Jury Instructions, §15.1.

15

right to be free of sex discrimination played a substantial part in bringing about or actually causing harm to him and that this harm was either a direct result or a reasonably probable consequence of the violation of his rights.[18]

Of course, every event may have many causes.  However, only some causes are "proximate causes" as the law uses this term.  So to say that discrimination was a proximate cause of some injury means that it was not just any cause, but one with at least a sufficient connection to the resulting injury allegedly suffered by the Plaintiff John Doe.[19]  You may consider an act or failure to act by Prairie View to be a proximate cause of the Plaintiff John Doe's injuries or damages in this case if it appears from the evidence that the injury or damages were a reasonably foreseeable consequence of the act or omission.[20]

The damages that you award must be fair compensation for all of the Plaintiff John Doe's damages, no more and no less.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff John Doe has actually suffered or that Plaintiff John Doe is reasonably likely to suffer in the future.[21]

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff John Doe prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[22]

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

---

[18] *Jones v. United States*, 936 F.3d 318, 324 (5th Cir. 2019) (quoting *Brister v. A.W.I., Inc*., 946 F.2d 350, 355 (5th Cir. 1991).

[19] United States v. Americus Mortg. Corp., No. 4:12-CV-2676, 2017 U.S. Dist. LEXIS 149482, at *9 (S.D. Tex. Sep. 14, 2017) (quoting *Paroline v. United States*, 572 U.S. 434, 444, 134 S.Ct. 1710, 1719-20, 188 L. Ed. 2d 714 (2014)).

[20] Fifth Circuit Pattern Jury Instructions, § 10.1, n. 5.

[21] Fifth Circuit Pattern Jury Instructions, § 15.2

[22] Fifth Circuit Pattern Jury Instructions, § 15.2.

*Tuition and other expenses.*  The tuition and other expenses sought are those paid to Prairie View or other universities on John Doe's behalf.

*Out-of-pocket expenses.*  John Doe seeks damages for his out-of-pocket losses, such as moving and other expenses, caused by the University's conduct.

*Lost employment opportunity.*  John Doe seeks damages stemming from a job opportunity that he lost as a result of his delayed graduation caused by the University's conduct.

Finally, you may also award nominal damages.  If you find that Prairie View discriminated against John Doe on the basis of sex and has violated Title IX, but that John Doe has not suffered compensable damages, you may also award nominal damages.  Nominal damages are an inconsequential or trifling sum awarded to a Plaintiff when there has been a technical violation of his civil rights, but you find that the Plaintiff suffered no actual monetary loss or injury.[23]

If you find by a preponderance of the evidence that Plaintiff John Doe sustained a technical violation of Title IX because he was discriminated against on the basis of his sex as a male student, but that he suffered no actual loss as a result of this violation, then you may award him nominal damages.[24]

If you find that Prairie View A&M is liable to John Doe, then you must determine an amount that is fair compensation for all of John Doe's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make John Doe whole—that is, to compensate John Doe for the damage that he has suffered.

You may award compensatory damages only for injuries that John Doe proves were proximately caused by Prairie View A&M's allegedly wrongful conduct. John Doe must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. Prairie View A&M can only be liable for losses that it had reason to foresee as a probable result of its conduct when it expelled John Doe for sexually exploiting another student and for complicity.

---

[23] Fifth Circuit Pattern Jury Instructions, § 15.6.
[24] Fifth Circuit Pattern Jury Instructions, § 15.6.

17

John Doe may not recover for losses beyond an amount that the evidence permits to be established with reasonable certainty. You should not award compensatory damages for speculative injuries, but only for those injuries that John Doe has actually suffered or that John Doe is reasonably likely to suffer in the future. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that John Doe prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

That said, you are not permitted to award damages against Prairie View A&M for any emotional or reputational harm that John Doe claims. Nor may you award damages to punish Prairie View A&M for any of its actions.[25]

---

[25] *See also* 3C Fed. Jury Prac. & Instr. § 177:70 (6th ed.); *see also Roe v. Purdue University*, Final Jury Instructions of the Court, Instruction No. 19 (N.D. Ind. Sept. 23, 2022) (instructing the jury not to award damages against Purdue University for any "emotional harm" asserted by the plaintiff); Fifth Circuit Civil Jury Instruction 11.14 (2020); RESTATEMENT (SECOND) OF CONTRACTS § 351(1) (1981) ("Damages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made."); RESTATEMENT (SECOND) OF CONTRACTS § 352 (1981) ("Damages are not recoverably for loss beyond an amount that the evidence permits to be established with reasonable certainty."); *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1569–76 (2022) (finding that plaintiffs asserting Affordable Care Act and Rehabilitation Act claims cannot recover emotional distress damages and are limited to only those remedies traditionally available in contract law); *Abdulsalam v. Bd. of Regents of Univ. of Nebraska*, No. 4:22-CV-3004, 2023 WL 4266378, at *5 (D. Neb. June 29, 2023) ("This Court joins the majority and holds that *Cummings* applies to Abdulsalam's Title IX claims.") (quotations and brackets omitted).

**18.    Proximate Cause**
     (3C Fed. Jury Prac. & Instr. § 177:52 (6th ed.))

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**19.    Duty to Deliberate; Notes**
       (Fifth Circuit Pattern Instruction 3.7)

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

## VI.   JURY INTERROGATORIES

**Question 1**

Do you find that Plaintiff proved, by a preponderance of the evidence, that sex was a motivating factor in Prairie View's decision to discipline him?

Do you find that Plaintiff proved, by a preponderance of the evidence, that Prairie View A&M University would not have expelled him but-for his gender?

Answer "Yes" or "No."   _____

If you answered yes to Question 1, proceed to Question 2 below. If you answered no to Question 1, then stop here and return this form to the Court.

**Question 2**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate John Doe for his damages, if any, that resulted from the conduct you have found in answer to Question No. 1?

Answer in dollars and cents, or "none."      $ _____

21