IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, § | | |
|    *Plaintiff*, § | | |
| v. § | | |
| § | CIVIL ACTION NO. 4:22-cv-01019 | |
| PRAIRIE VIEW A&M UNIVERSITY, § | | |
|    *Defendant.* § | | |

**DEFENDANT'S TRIAL BRIEF**

Defendant Prairie View A&M University ("PVAMU") files this *Trial Brief* on three key points affecting the scope of trial, in response to Plaintiff's opening statement suggesting improper ways for Plaintiff to prove his claim at trial.

**1. M.D. is not a Proper Comparator for Plaintiff because They Were Not Similarly Situated.**

In opening, Plaintiff's counsel argued that Plaintiff was expelled for sexual misconduct while the female witness M.D. was not disciplined for threatening Plaintiff with a taser. To the extent Plaintiff insinuates that M.D. was a female comparator for purposes of showing gender discrimination, there is no evidence that M.D. was a similarly situated comparator. Courts require the plaintiff to establish the female comparator "was in circumstances sufficiently similar" to him and that she was treated more favorably. *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756

(E.D. Tenn. 2009); *Doe v. Univ. of Texas at Austin,* No. 1:19-CV-398-LY, 2019 WL 9076003, at *3 (W.D. Tex. Nov. 8, 2019); *Gudgel v. Del Mar Coll.*, No. 2:16-CV-513, 2018 WL 472829, at *2 (S.D. Tex. Jan. 17, 2018).

Not any degree of similarity will do—they must be in "nearly identical circumstances." *Lee v. Kansas City S. Ry.*, 574 F.3d 253, 259-60 (5th Cir. 2009).

To the extent Plaintiff continues to improperly argue or insinuate to the jury that M.D. is a comparator, PVAMU requests a curative instruction to the jury that M.D. would only be a comparator for purposes of showing gender discrimination if she was treated better in "nearly identical circumstances." *Id.*; *see also Overdam v. Texas A&M Univ.*, No. 4:18-cv-02011, 2024 WL 115229, at *7 (S.D. Tex. Jan. 10, 2024) (dismissing claim because "[n]othing presented by Plaintiff indicates that U.F. was involved in an incident of sufficiently comparable seriousness resulting in "nearly identical" charges or findings of responsibility."). It is indisputable that M.D. was not in nearly identical circumstances as Plaintiff, so it is highly misleading for his counsel to suggest any comparison between them.

2. **Plaintiff Cannot Prove a Title IX Claim by Pointing to a Few Minor Procedural Issues Alone.**

In his trial brief (Dkt. #60-13), Plaintiff relies upon *Doe v. Rice Univ.*, 67 F.4th 702 (5th Cir. 2023), for his argument that procedural errors alone can establish his claim—but that case does not stand for that proposition.

In *Rice*, the Fifth Circuit explained that "at some point an accumulation of procedural irregularities all disfavoring a male respondent begins to look like a biased proceeding." *Rice Univ.*, 67 F.4th at 709.[1] But the Fifth Circuit also explained that a plaintiff must still "point to particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding, and ***demonstrate a causal connection between the flawed outcome and gender bias***." *Id.* (emphasis added). Without a causal connection, the procedural irregularities that Plaintiff claims he experienced cannot support a Title IX claim.

Plaintiff seems to argue that he need only focus on showing bias in the investigation—and that he does not need to demonstrate a "causal connection" with the outcome of the hearing and subsequent appeal. Indeed, Plaintiff's motion in limine seemed to argue that the actual testimony at the Title IX hearing was not relevant. *See* Doc. 60-10, at 1.

---

[1] The issues in *Rice* were easily distinguishable from the facts here. In *Rice*, the university banned a male respondent from campus before giving him a reasonable opportunity to be heard. *Rice*, 67 F.4th at 710. And despite finding the male respondent had informed the female complainant of his herpes diagnosis, Rice sanctioned the respondent anyway—"even though it would ultimately immunize Roe for the exact same behavior." *Id.*

The facts here are more akin to *Rossley v. Drake Univ.*, 979 F.3d 1184 (8th Cir. 2020), where the plaintiff complained of the investigator's decision not to interview certain witnesses, her reliance on hearsay, and her finding that respondent's roommate lacked credibility. *Id.* at 1193. The *Rossley* court affirmed summary judgment for the university, noting that "whatever the deficiencies in [the] investigation, they did not result in findings so devoid of substantive content as to be unworthy of credence." *Id.*

Courts do not allow a Title IX plaintiff to merely point to procedural errors that have no causal connection to the final expulsion decision—a plaintiff must identify "substantial and particularized 'procedural flaws' in [his] proceeding 'affecting the proof'" during his live hearing. *Doe v. Wash. & Lee Univ.*, 2021 U.S. Dist. LEXIS 74222, at *43-44 (W.D. Va. Apr. 17, 2021). A plaintiff must provide evidence of both "a one-sided investigation ***plus*** some evidence that sex may have played a role in a school's disciplinary decision …." *Doe v. Univ. of Denver*, 1 F.4th 822, 830 (10th Cir. 2021) (emphasis in original).

Plaintiff's procedural due process claim was already dismissed. Further, courts have made clear that a mere "deviation from a Title IX policy is not, in and of itself, a violation of Title IX." *Doe v Samford Univ.*, 29 F.4th 675, 688 (11th Cir 2022); *see also Doe v. Stonehill Coll., Inc.*, 55 F.4th 302, 334 (1st Cir. 2022) ("procedural errors are not inevitably a sign of sex bias.").

PVAMU shares this authority with the Court ahead of the jury charge conference, where the parties are in conflict about whether Plaintiff needs to merely show a procedural error, or whether Plaintiff needs to show it materially affected the expulsion decision.

### 3. PVAMU Respectfully Requests a "But-for" Causation Instruction in the Jury Charge.

To preserve error on appeal, PVAMU offers authority for the Court to reconsider its decision to use the "motivating factor" causation standard rather than the "but-for" standard. *See* Dkt. #65 (order deciding causation standard). The Fifth Circuit in *Rice* did not directly address the causation standard question, so its dicta in *Rice* cannot bear the weight Plaintiff places on it. *Rice*, 67 F.4th at 709. Comparing Title VII and Title IX reveals that the dicta in *Rice* was incorrect.

Recognizing that the plain text of Title VII required application of a "but-for" causation standard, Congress amended Title VII in the Civil Rights Act of 1991 to specifically include the "motivating factor" standard for discrimination claims. *See Radwan v. Manuel*, 55 F.4th 101, 131 (2d Cir. 2022).[2] Similarly, the text of the Age Discrimination in Employment Act of 1967 was held to provide a "but-for" causation standard rather than a "motivating factor" standard. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 174 (2009) ("the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor.").

---

[2] The Second Circuit applied "but-for" causation in *Radwan*, but did not address the issue of what standard applied because the plaintiff "concede[d] that the 'but-for' standard applies to her Title IX claim …." *Id.* at 132.

The Fourth Circuit has already adopted a "but-for" standard in light of the similarities between the text of Title IX and Title VII. *See Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 236-237 (4th Cir. 2021) ("We agree that 'on the basis of sex' requires 'but-for' causation in Title IX claims alleging discriminatory school disciplinary proceedings."). Because the statute's text controls, there is no reason to read the Title IX statute prohibiting discrimination "on the basis of sex" as imposing a "motivating factor" standard. 28 U.S.C. § 1681(a).

Dated: February 5, 2024

Respectfully submitted,

/s/ Drew L. Harris
DREW L. HARRIS
Texas Bar No. 24057887
Southern District No. 1114798
COLE P. WILSON
Texas Bar No. 24122856
Southern District No. 3864133
Office of the Attorney General
Assistant Attorneys General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
Drew.Harris@oag.texas.gov
Cole.Wilson@oag.texas.gov
**Counsel for Prairie View A&M University**

## CERTIFICATE OF SERVICE

I certify that on February 5, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Drew L. Harris
DREW L. HARRIS