IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br> *Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:22-cv-01019 |
| PRAIRIE VIEW A&M UNIVERSITY,<br> *Defendant* | § <br> § <br> § | |

---

## CHARGE OF THE COURT

---

## Instruction No. 1

## GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not

evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## Instruction No. 2

## BURDEN OF PROOF

The Plaintiff in this case has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find the Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## Instruction No. 3

### EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Instruction No. 4**

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to

prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## Instruction No. 5

## NO INFERENECE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Instruction No. 6

## NATURE OF THE ACTION

Plaintiff bases his lawsuit on Title IX of the Education Amendments of 1972. Title IX prohibits colleges and universities from denying students access to educational benefits and opportunities on the basis of a student's sex. Plaintiff claims that his sex as a male student was a motivating factor behind Defendant Prairie View A&M University's decision to expel him for sexual exploitation and complicity.

Defendant Prairie View A&M denies Plaintiff's claim and contends that he was expelled due to his sexual misconduct and his refusal to accept any responsibility for his actions, and that his sex played no role in this decision.

## Instruction No. 7

## CLAIM OF SEX DISCRIMINATION UNDER TITLE IX

Plaintiff has sued Prairie View A&M under a federal statute called Title IX of the Education Amendments of 1972. The relevant part of Title IX for the decision that you will make in this case is that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." This applies equally to discrimination against male students as it does to discrimination against female students.

For Plaintiff to establish his claim that Prairie View A&M unlawfully discriminated against him on the basis of sex, he must prove by a preponderance of the evidence that sex was a motivating factor behind Prairie View A&M's decision to expel him.

## Instruction No. 8

## INTENT

Plaintiff must show Defendant Prairie View A&M intentionally discriminated against plaintiff. Plaintiff is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

## Instruction No. 9

## CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiff has proved his claim against Prairie View A&M by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Prairie View A&M is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Prairie View A&M is liable and that Plaintiff is entitled to recover money from Prairie View A&M.

### Instruction No. 10

### **MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the

defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

## Instruction No. 11

## DAMAGES

If you find that Prairie View A&M is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that he has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Prairie View A&M's allegedly wrongful conduct. Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. Prairie View A&M can only be liable for losses that it had reason to foresee as a probable result of its conduct when it expelled Plaintiff.

Plaintiff may not recover for losses beyond an amount that the evidence permits to be established with reasonable certainty. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

15

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

That said, you are not permitted to award damages against Prairie View A&M for any emotional or reputational harm that Plaintiff claims. Nor may you award damages to punish Prairie View A&M for any of its actions.

If you find by a preponderance of the evidence that Plaintiff was discriminated against on the basis of his sex as a male student in the decision to expel him, but that he suffered no actual loss as a result of this violation, then you may award him nominal damages.

## Instruction No. 12

## PROXIMATE CAUSE

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## JURY INTERROGATORIES

**Question 1**

**Do you find that Plaintiff proved, by a preponderance of the evidence, that sex was a motivating factor in Prairie View A&M University's decision to expel him?**

Answer "Yes" or "No."   _No_

If you answered yes to Question 1, proceed to Question 2 below. If you answered no to Question 1, then stop here and return this form to the Court.

**Question 2**

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages, if any, that resulted from the conduct you have found in answer to Question No. 1?**

Answer in dollars and cents, or "none."     $ _____

It soon will be your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on

the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>　　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-cv-01019 |
| PRAIRIE VIEW A&M UNIVERSITY,<br>　　*Defendant* | §<br>§<br>§ | |

## VERDICT FORM

We, the jury, have unanimously agreed to the answers to the attached Jury Interrogatories and return such answers in open court, and under the instructions of the Court as our verdict in this cause.

_2-13-24_____

DATE　　　　　　　　　　　　　PRESIDING JUROR